Howard W. JONES, Trustee in Bankruptcy for James Steven Boyd, Teresa Irene Boyd, Plaintiff–Appellant,

v.

Kelly HARRELL, Defendant–Appellee.

No. 88–8017.

United States Court of Appeals,
Eleventh Circuit.

Oct. 24, 1988.

Howard W. Jones, James F. Ledbetter, Calhoun, Ga., for plaintiff-appellant.

Henry C. Tharpe, Jr., Kinney, Kepm, Pickell, Sponcler & Joiner, Dalton, Ga., for defendant-appellee.

Before VANCE and HATCHETT, Circuit Judges, and NESBITT *, District Judge.

VANCE, Circuit Judge:

The trustee in bankruptcy for James S. Boyd and Teresa I. Boyd appeals from a consent judgment against defendant Kelly Harrell, entered by the district court with reservation of a right to appeal the entry of a partial summary judgment in favor of Harrell.

On October 11, 1985, James Boyd was injured when the automobile he was driving collided with one driven by Harrell. James and his wife, Teresa, filed a voluntary petition for bankruptcy on December 5, 1985 in the United States Bankruptcy Court for the Northern District of Georgia. Howard W. Jones was appointed trustee for the Boyds' bankrupt estate.

Bill Elliott, a claims agent for Harrell's liability insurance carrier, United States Fidelity & Guaranty Company ("USF & G"), entered into a settlement agreement with Mr. Boyd on December 31, 1985. USF & G paid Mr. Boyd $15,000 in exchange for a document executed by Mr. Boyd purportedly releasing Harrell from all claims. Elliott entered into this agreement without actual notice or actual knowledge of the commencement of the Boyds' bankruptcy proceeding.[1]

The trustee thereafter filed a claim in district court against Harrell to recover, on behalf of the Boyds' bankrupt estate, damages for the personal injuries Mr. Boyd suffered during the October 11 accident and for Mrs. Boyd's loss of consortium. Harrell failed to answer timely and the trustee moved for entry of default judgment. Harrell then moved to set aside the entry of default, stating in her supporting affidavit that when she received the trustee's complaint, she gave it to her father and expected that he would forward the complaint to her insurance carrier. She also filed an affidavit of Mr. Elliott that stated he never received the complaint. The district court granted Harrell's motion to set aside the default.

Harrell subsequently moved for partial summary judgment. She asserted that under the provisions of section 542(c) of the Bankruptcy Code, the release executed by Mr. Boyd barred the trustee's claim for Boyd's personal injuries. The district court granted this motion and afterwards entered a consent judgment in the action between the trustee and Harrell settling the trustee's claim for Mrs. Boyd's loss of consortium. The consent judgment specifically preserved the trustee's right to appeal the grant of partial summary judgment.

The trustee seeks to raise two issues on appeal. The first is that the district court erred in setting aside the default against Harrell because she failed to show good cause under Fed.R.Civ.P. 55(c). The second is that because the trustee's claim for Mr. Boyd's personal injuries is not barred by the release Mr. Boyd executed, the district court erred in granting partial summary judgment to Harrell.

We doubt that the first issue is properly before this court since it was not preserved for appeal when the consent

---

* Honorable Lenore C. Nesbitt, U.S. District Judge for the Southern District of Florida, sitting by designation.

1. The trustee disputes the district court's conclusion that Elliott had no actual notice or actual knowledge of the Boyds' bankruptcy proceeding. We agree with the district court, however, that the trustee offered no evidence to dispute this finding.

judgment was entered. Assuming it to be before us, however, it is without merit. Default judgment was never entered. The record only shows that the trustee *moved* for an entry of default judgment and for a hearing on damages and that the clerk entered a default. Because a judgment had not been entered the trial court had the discretion to set aside the entry of default under Rule 55(c) rather than under the more stringent provisions of Fed.R.Civ.P. 60(b) that would have controlled if judgment had been entered. The district court held that Harrell had made a bare minimum showing to support relief under Rule 55(c). From our review of the record we conclude that no abuse of discretion has been shown.

We now turn to the district court's grant of partial summary judgment against the trustee, entered on the grounds that his claim against Harrell is barred by the release executed by Mr. Boyd. The trustee argues that the district court erred because under section 549 of the Bankruptcy Code, 11 U.S.C. § 549, Mr. Boyd's post-petition settlement and release of a pre-petition claim was an avoidable transfer of property of the bankrupt estate. Although we agree with the trustee that the district court erred in granting partial summary judgment, we disagree with the trustee's rationale.

 The Bankruptcy Code defines the property of a debtor's estate to include "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). A trustee in bankruptcy succeeds to all causes of action held by the debtor at the time the bankruptcy petition is filed. *Miller v. Shallowford Community Hosp. Inc.*, 767 F.2d 1556, 1559 (11th Cir.1985). This includes claims for personal injuries. *In re Richards*, 57 B.R. 662, 663 (Bankr.D.Nev.1986); *see also Tignor v. Parkinson*, 729 F.2d 977, 981 (4th Cir.1984). On December 31, 1985, therefore, the trustee held the claim against Harrell for Mr. Boyd's personal injuries and only the trustee had the authority to settle and release it. Mr. Boyd had neither the authority nor the power to execute such a release and the purported release he executed has no legal effect. A release is distinguishable from physical property of the bankrupt estate. A bankrupt could transfer physical possession of an automobile, for example, even though he has no authority, necessitating the use of section 549 to avoid the transfer. A release executed by the wrong person, on the other hand, is never effective to begin with and consequently there is no "transfer" to be avoided under section 549.

The conclusion that Mr. Boyd had no authority to release the trustee's claim against Harrell is not affected by section 542(c), which states:

> Except as provided in section 362(a)(7) of this title, an entity that has neither actual notice nor actual knowledge of the commencement of the case concerning the debtor may transfer property of the estate, or *pay a debt owing to the debtor*, in good faith and other than in the manner specified in subsection (d) of this section, to an entity other than the trustee, with the same effect as to the entity making such transfer or payment as if the case under this title concerning the debtor had not been commenced.

(emphasis added). We hold that section 542(c) was intended only to protect persons such as Harrell to the *extent* they pay a debt owing to the debtor. It was not intended to give them the authority—otherwise unavailable under the Bankruptcy Code—to obtain the settlement and release of debts by negotiating with the bankrupt rather than with the trustee.

The language of section 542(c) grants no authority to the bankrupt to settle and release debts after the commencement of bankruptcy proceedings. It does grant protection to certain entities that either transfer property of the bankrupt estate or pay debts owing to the bankrupt; it says nothing about actions taken by the bankrupt. The release executed by Mr. Boyd, therefore, was an act falling outside the language of section 542(c).

The act in this case that does fall within the language of section 542(c) is the transfer of $15,000 on behalf of Harrell as payment towards whatever her ultimate obligation turns out to be. Section 542(c) codifies the Supreme Court's decision in *Bank of Marin v. England*, 385 U.S. 99, 87 S.Ct.

274, 17 L.Ed.2d 197 (1966). S.Rep. No. 989, 95th Cong., 2d Sess. 84 (1978), *reprinted in* 1978 U.S.Code Cong. & Admin.News 5787, 5870. In *England,* a bank honored checks drawn by one of its customers after the customer filed bankruptcy. The bank honored the checks without notice or knowledge of the bankruptcy proceeding. The Court refused to hold the bank liable to the trustee for the value of the checks, distinguishing the situation faced by the bank, a debtor of the bankrupt, from that faced by a creditor. The Court noted that the avoidance of transfers made by a creditor of the bankrupt, even when the transfers were made with no notice or knowledge of the bankruptcy proceeding, is not inequitable because this operates "only to deprive [the transferor] of preferential treatment and to restore [the transferor] to the category of a general creditor." *England,* 385 U.S. at 103, 87 S.Ct. at 277. On the other hand, the Court held that avoiding transfers made by a debtor under these circumstances would be inequitable. *Id.*

Harrell, like the bank in *England,* is a debtor of the bankrupt and, but for section 542(c), she would be faced with the same inequitable situation the bank faced in *England* before the Supreme Court intervened. She is therefore entitled to protection to the extent of the $15,000 already paid on her behalf, but no further. When a person has no knowledge of bankruptcy proceedings, it is inequitable to require him or her to forfeit payments made toward a debt owing to the bankrupt merely because those payments were made to the bankrupt rather than to the trustee. There is nothing inequitable, however, about requiring such a person to settle the ultimate amount of the debt with the trustee instead of the bankrupt.

Even under this limited interpretation of section 542(c), the potential exists that estate creditors will be deprived of funds rightfully theirs.[2] We therefore decline to extend the effect of the section beyond the correction of the inequitable situation faced by the bank in *England.*[3]

In summary, we find no error with respect to the district court's setting aside the default. We reverse the grant of partial summary judgment and hold that Harrell is entitled to nothing more than a $15,000 credit against such liability as may ultimately be determined. We remand for further proceedings consistent with this opinion.

REVERSED and REMANDED.

---

2. The trustee may be able to recover funds that are still in the hands of the bankrupt. *See* 11 U.S.C. §§ 549, 550; *see also* 4 *Collier on Bankruptcy* ¶ 549.03[1] (15th ed. 1988) ("Section 549(a)(2)(A) restricts the impact of section 542(c) to protecting the transferor (agent, bailee, bank, *inter alia* ) by enabling the trustee to avoid the postpetition transfer and recover the property transferred from the transferee under section 550"). However, such funds may have been squandered by the time the trustee has a chance to act.

3. Our holding is consistent with *England.* By happenstance, in that case further liability of the bank to the trustee was extinguished as a result of the Court's decision. However, this was only because the debt owed by the bank was liquidated. Nothing in the Court's opinion suggests that had the bank made payment toward an unliquidated debt, as Harrell has done in the present case, the trustee would have been barred from recovering from the bank that portion of the debt exceeding the bank's payment.