Clarence B. CAIN

v.

**Joel HYATT, Individually and t/a Hyatt Legal Services, et al.**

**Civ. A. No. 88–6665.**

United States District Court,
E.D. Pennsylvania.

June 19, 1989.

Richard J. Silverberg, Lanier E. Williams, Philadelphia, Pa., for plaintiff.

Martin Wald, Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., for defendant.

## MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

On August 29, 1988, plaintiff Clarence B. Cain filed this action against Hyatt Legal Services ("Hyatt"), HLS Management Company, and five individuals alleged to be partners in the Hyatt legal firm, claiming that the named defendants violated plaintiff's rights under the Pennsylvania Human Relations Act ("PHRA"), 43 Pa.S.A. § 951, *et seq.* Specifically, plaintiff asserts that on August 3, 1987, he was illegally terminated from his employment as a Hyatt regional partner because he had contracted Acquired Immune Deficiency Syndrome ("AIDS"). Plaintiff claims that this termination deprived him of his right to be free of employment discrimination based upon the existence of a handicap or disability.

On August 27, 1987, subsequent to his alleged illegal termination but one year prior to the filing of this Complaint, plaintiff filed a voluntary petition under Chapter 7 of the Bankruptcy Code in the United States District Court for the Eastern District of Pennsylvania. On that same date, Bankruptcy Judge David Scholl entered an Order appointing Anthony Barone as interim trustee of the estate of plaintiff Cain.

As required by 11 U.S.C. § 521(1), plaintiff attached to his Chapter 7 petition, a Statement of Financial Affairs and Schedules of Assets and Liabilities (the "Schedules"). The schedules did not, at that time or at any later date, list as an asset or otherwise identify plaintiff's claim against the defendants. The trustee is not a party to this lawsuit and the plaintiff did not request authority from the trustee or the Bankruptcy Court to pursue this litigation. Moreover, the plaintiff's cause of action against the defendants was not abandoned by the trustee. On January 15, 1988, seven months prior to the filing of the instant Complaint, plaintiff's Chapter 7 case was closed and the trustee in bankruptcy discharged.

Defendants have filed, pursuant to Fed. R.Civ.P. 12(b)(1) and (6), a motion to dismiss the Complaint on the ground that plaintiff lacks standing to prosecute this action. Specifically, defendants contend that plaintiff's PHRA employment discrimination action constitutes property of plaintiff's estate and that the action may be prosecuted only by the trustee on behalf of the estate.

It is well established that the commencement of a Chapter 7 bankruptcy case requires the debtor to schedule as assets "all legal and equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). The Supreme Court, in *United States v. Whiting Pools, Inc.*, held that § 541(a) must be read broadly in determining what constitutes property of the estate:

> Both the Congressional goal of encouraging reorganizations and Congress' choice of methods to protect secured creditors suggest that Congress intended a broad range of property to be included in the estate.

462 U.S. 198, 204, 103 S.Ct. 2309, 2313, 76 L.Ed.2d 515 (1983).

Courts have uniformly held that the broad scope of § 541 encompasses causes

of action existing at the time of the commencement of the bankruptcy action. *See, e.g., Bauer v. Commerce Union Bank,* 859 F.2d 438, CCH Bankr.L.Rep. ¶ 72,486 (6th Cir.1989); *In re Ozark Restaurant Equipment Co., Inc.,* 816 F.2d 1222, 1225 (8th Cir.), *cert. denied,* 484 U.S. 848, 108 S.Ct. 147, 98 L.Ed.2d 102 (1987); *Sierra Switchboard Co. v. Westinghouse Elec. Corp.,* 789 F.2d 705, 707 (9th Cir.1986); *Miller v. Shallowford Community Hospital,* 767 F.2d 1556, 1559 (11th Cir.1985); *Tignor v. Parkinson,* 729 F.2d 977, 980–81 (4th Cir. 1984); *In re Smith,* 640 F.2d 888, 890 (7th Cir.1981). Personal injury causes of action fall within the ambit of § 541. *Jones v. Harrell,* 858 F.2d 667, CCH Bankr.L.Rep. ¶ 72,478 (11th Cir.1988); *Tignor v. Parkinson,* 729 F.2d at 980–81; *In re Cottrell,* 82 B.R. 45, 46 (W.D.Ky.1987); *In re Richards,* 57 B.R. 662, 663 (Bankr.D.Nev.1986); *In re Mucelli,* 21 B.R. 601, 603 (Bankr.S.D.N.Y. 1982). *See generally,* 4 Collier on Bankruptcy ¶ 541.10[3] (15th ed. 1989). Thus, it is clear that the PHRA cause of action, which existed at the time plaintiff commenced his Chapter 7 case, constitutes property of the estate of plaintiff Cain.

The trustee in a case under Chapter 7 is the sole representative of the estate. 11 U.S.C. § 323(a). *See Vreugdenhil v. Hoekstra,* 773 F.2d 213, 215 (8th Cir.1985). As such, it is the trustee who "has the capacity to sue and be sued." 11 U.S.C. § 323(b); *see also* Bankr.P.R. 6009. Thus, courts have consistently held that a "trustee succeeds to all causes of action held by a debtor at the time the bankruptcy petition is filed." *Jones v. Harrell,* 858 F.2d 667, CCH Bankr.L.Rep. ¶ 72,478, p. 93,720. As the court held in *Jefferson v. Mississippi Gulf Coast YMCA:*

> It is well settled that the right to pursue causes of action formerly belonging to the debtor—a form of property under the Bankruptcy Code—vests in the trustee for the benefit of the estate.

73 B.R. 179, 181–82 (S.D.Miss.1986); *accord In re Ozark Restaurant Equipment Co., Inc.,* 816 F.2d at 1225; *Miller v. Shallowford Community Hospital, Inc.,* 767 F.2d at 1559; *Bryson v. Bank of New York,* 584 F.Supp. 1306, 1315 (S.D.N.Y. 1984). Indeed, as the Third Circuit, in *Hanover Insurance Company v. Tyco Industries, Inc.,* held:

> On his appointment, the Trustee was vested with title to all of [debtor's] property, including insurance policies and rights of action arising under them. Not only did the Trustee hold title to [debtor's] assets; he was authorized, exclusively, to bring actions that could have been instituted by the bankrupt for the aggregation of assets and for the protection of creditors.

500 F.2d 654, 657 (3d Cir.1974).

It is clear, therefore, that, after appointment of a trustee, a Chapter 7 debtor no longer has standing to pursue a cause of action which existed at the time the Chapter 7 petition was filed. Only the trustee, as representative of the estate, has the authority to prosecute and/or settle such causes of action. *See Bauer v. Commerce Union Bank,* 859 F.2d 438, CCH Bankr.L. Rep. ¶ 74,486; *Jones v. Harrell,* 858 F.2d 667, CCH Bankr.L.Rep. ¶ 72,478; *In re Tvorik,* 83 B.R. 450, 456 (Bankr.W.D.Mich. 1988). Thus, when confronted with almost identical circumstances, the court, in *In re Carson,* 82 B.R. 847, 851 (Bankr.S.D.Ohio 1987), held that a Chapter 7 debtor could not prosecute a Title VII employment discrimination cause of action which existed at the time he commenced his Chapter 7 case. So, too, this Court concludes that plaintiff Cain cannot prosecute, in his name, the PHRA cause of action against the named defendants. Rather, we hold that only the trustee in bankruptcy, as representative of the estate of plaintiff Cain, has the authority to prosecute or settle the instant litigation.[1]

---

1. The Court notes that the Bankruptcy Code provides that, after notice and a hearing, a trustee in bankruptcy may abandon any property of the estate or the court may order the trustee to abandon any such property. 11 U.S.C. § 554. However, there is no evidence in the record that formal abandonment was requested or ordered under § 554(a) or (b). Pursuant to 11 U.S.C. § 554(d), therefore, "property of the estate that is not abandoned under section (a) or (b) of this section ... remains property of the estate." *See* Collier on Bankruptcy ¶ 554.03 (15th ed. 1989)

On June 19, 1989, this Court held a hearing for the purpose of determining whether: (1) the present action should be dismissed; (2) the present action should be stayed until such time as a trustee in bankruptcy is substituted as plaintiff; or (3) other equitable or legal relief should be granted. Having considered the evidence and arguments presented, this Court determines that the most equitable course of action will be to stay the proceedings and place the case into the Civil Suspense File until such time as either a trustee in Bankruptcy is substituted as plaintiff or until such action is taken by the Bankruptcy Court as will permit the trial of this action to proceed. *See Bauer v. Commerce Union Bank,* 859 F.2d 438, CCH Bankr.L.Rep. ¶ 72,486; *Nagle v. Commercial Credit Business Loans, Inc.,* 102 F.R.D. 27, 31–33 (E.D.Pa.1983). The Court notes that dismissal of the instant case would work a severe hardship on plaintiff who is gravely ill. The Court expresses its displeasure over the filing, ten days prior to the scheduled commencement of this trial, of the motion to dismiss. Had this issue been brought to the Court's attention by either party (plaintiff's present counsel having represented him in the Chapter 7 proceedings) earlier in this litigation, the matter could have been resolved without the necessity of continuing the trial.

(abandonment presupposes knowledge; undisclosed assets generally remain property of the estate).