**Amalia HARRIS, Plaintiff,**

v.

**ST. LOUIS UNIVERSITY, Defendant.**

**No. 89–1309–C–5.**

United States District Court,
E.D. Missouri, E.D.

March 20, 1990.

Bruce Nangle, Nangle & Nangle, St. Louis, Mo., for plaintiff.

Robert W. Stewart, McMahon, Berger, Hanna, Linihan, Cody & McCarthy, St. Louis, Mo., for defendant.

## MEMORANDUM

LIMBAUGH, District Judge.

Plaintiff filed a two-count complaint against defendant. In Count I plaintiff alleges that she was discharged due to her

age in violation of the Age Discrimination in Employment Act ("the ADEA"), 29 U.S.C. § 621 *et seq.* In Count II plaintiff alleges that she was discharged due to her sex in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* This cause is before the Court on defendant's motion to dismiss plaintiff's complaint for lack of standing.

Plaintiff was discharged from her position with defendant on July 13, 1987. On July 15, 1987 plaintiff completed an EEOC intake questionnaire (EEOC Form 283) in which she asserted that she was unlawfully discharged and provided some facts to support her allegations of discrimination. On July 1, 1988 plaintiff filed a formal charge with the EEOC against defendant alleging age and sex discrimination. On July 13, 1989 plaintiff filed this complaint for employment discrimination against defendant.

On October 6, 1987 plaintiff filed for relief under Chapter 7 of Title 11, U.S.Code in United States Bankruptcy Court for the Eastern District of Missouri. Pursuant to 11 U.S.C. § 521(1) plaintiff attached to her Chapter 7 petition a Statement of Financial Affairs and Schedules of Assets and Liabilities. Plaintiff did not list as an asset or otherwise identify her discrimination claims against defendant on either form. Plaintiff filed her Chapter 7 petition three months after her discharge and completion of an EEOC intake questionnaire, but prior to the filing of a formal EEOC charge or the civil complaint in this matter.

Defendant argues that plaintiff lacks standing because she failed to list as an asset or otherwise identify her employment discrimination claims on the schedules accompanying her Chapter 7 petition. The debtor in a Chapter 7 bankruptcy case is required pursuant to 11 U.S.C. § 541(a)(1) to schedule as assets "all legal and equitable interests of the debtor in property as of the commencement of the case." It is well established that "all legal and equitable interests ... in property" includes causes of action existing at the time of the commencement of the bankruptcy case. *In re Ozark Restaurant Equipment Co., Inc.*, 816 F.2d 1222, 1225 (8th Cir.), *cert.*

*denied,* 484 U.S. 848, 108 S.Ct. 147, 98 L.Ed.2d 102 (1987).

The trustee in a case under Chapter 7 is the sole representative of the estate. 11 U.S.C. § 323(a); *Vreugdenhil v. Hoekstra,* 773 F.2d 213, 215 (8th Cir.1985). It is the trustee of the estate who "has the capacity to sue and be sued." 11 U.S.C. § 323(b). "[A]fter appointment of a trustee, a Chapter 7 debtor no longer has standing to pursue a cause of action which existed at the time the Chapter 7 petition was filed. Only the trustee, as representative of the estate, has the authority to prosecute and/or settle such causes of action." *Cain v. Hyatt,* 101 B.R. 440, 442 (E.D.Pa.1989) (*citing Bauer v. Commerce Union Bank,* 859 F.2d 438 (6th Cir.1988), *cert. denied,* — U.S. ——, 109 S.Ct. 1531, 103 L.Ed.2d 836 (1989); *Jones v. Harrell,* 858 F.2d 667 (11th Cir.1988); *In re Tvorik,* 83 B.R. 450, 456 (Bkrptcy.W.D.Mich.1988)).

Plaintiff argues that she did not possess a cause of action at the time she filed her Chapter 7 petition on October 6, 1987. The Court disagrees. First, since plaintiff was discharged three months before her Chapter 7 petition was filed, all the elements necessary for a cause of action for discriminatory discharge under Title VII or the ADEA were present on October 6, 1987. Second, plaintiff had knowledge of her cause of action at the time the Chapter 7 petition was filed. Plaintiff had completed an EEOC intake questionnaire alleging discriminatory discharge on the basis of age and sex three months before the Chapter 7 petition was filed.

In *Cain v. Hyatt, supra,* the Court held that plaintiff lacked standing to pursue his cause of action for employment discrimination because he failed to list his cause of action on the schedules accompanying his Chapter 7 petition. In reaching this decision the court implicitly decided that the plaintiff possessed a cause of action at the time of the filing of Chapter 7 petition when he was discharged before the filing of the Chapter 7 petition but did not file a complaint against the defendants until after the filing of his Chapter 7 petition. 101

B.R. at 441; *See also, In re Carson,* 82 B.R. 847 (Bkrptcy.S.D.Ohio 1987).

The debtor may regain standing to pursue a cause of action if the cause of action is abandoned by the trustee. Under 11 U.S.C. § 554(a) the trustee may abandon property which is burdensome to the estate or that is of inconsequential value to the estate. Under 11 U.S.C. § 554(b) the bankruptcy court may order the trustee to abandon such property at the request of a party. Title 11 U.S.C. § 554(c) states:

> Unless the court orders otherwise, any property *scheduled under section 521(1)* of the title not otherwise administered at the closing of this case is abandoned to the debtor.... (emphasis added)

However, plaintiff's cause of action could not be abandoned pursuant to 11 U.S.C. § 554(c) because the cause of action was never scheduled. Instead, the cause of action remains the property of the estate pursuant to 11 U.S.C. § 554(d), which provides:

> Unless the court orders otherwise, property of the estate that is not abandoned under this section and that is not administered in the case remains property of the estate.

*See also, In re Schmid,* 54 B.R. 78, 80 (Bkrptcy.D.Or.1985); *In re Bryson,* 53 B.R. 3, 4 (Bkrptcy.M.D.Tenn.1985); *In re Lake,* 49 B.R. 715, 717 (Bkrptcy.S.D.Fla.1985).

In sum, plaintiff's cause of action for unlawful discharge under Title VII and the ADEA became part of her estate when she filed her Chapter 7 petition. Since the cause of action was not administered or abandoned by the trustee of the estate, the cause of action remains part of plaintiff's estate. Therefore, the trustee in bankruptcy, and not the plaintiff, has standing to sue. For the foregoing reasons, defendant's motion to dismiss plaintiff's complaint for lack of standing is granted.