**Joseph T. LAMBERT, d/b/a Lamco, et al., Plaintiffs,**

v.

**FULLER COMPANY, INC., Defendant.**

**Civ. A. No. 90–0483.**

United States District Court, E.D. Pennsylvania.

Dec. 13, 1990.

Joseph T. Lambert, Picayune, Miss., pro se.

Malcolm J. Gross, Gross, McGinley, La Barre & Eaton, Allentown, Pa., for defendant.

MEMORANDUM AND ORDER

HUYETT, District Judge.

This civil action raises the issue whether plaintiff may prosecute causes of action accrued before filing of a petition for relief under Chapter 7 of the Bankruptcy Code. Defendant moves for summary judgement on the ground that the causes of action alleged in plaintiff's amended complaint are the property of a bankruptcy estate and, therefore, plaintiff has no standing to maintain this action. Plaintiff, appearing *pro se*, requests denial of summary judgment in favor of defendant. For the reasons stated below, I shall grant defendant's motion for summary judgment.

I. Standard of Review

Summary judgment is appropriate if there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Small v. Seldows Stationery*, 617 F.2d 992, 994 (3d Cir.1980). The court does not resolve ques-

tions of disputed fact, but simply decides whether there is a genuine issue of fact which must be resolved at trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *Ettinger v. Johnson*, 556 F.2d 692 (3d Cir. 1977). The facts must be viewed in the light most favorable to the opposing party, and reasonable doubt as to the existence of a genuine issue of material fact is to be resolved against the moving party. *Continental Insurance Co. v. Bodie*, 682 F.2d 436, 438 (3d Cir.1982). However, "there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249–50, 106 S.Ct. at 2510–11 (citations omitted). The inquiry is whether the evidence presents a sufficient disagreement to require submission to the jury, or whether it is so one-sided that one party must prevail as a matter of law. *Id.* at 252, 106 S.Ct. at 2512.

## II. Facts

In this civil action, filed on January 23, 1990, plaintiff "Joseph T. Lambert, BDA/Lamco. et al" alleges four counts against defendant Fuller Company arising from a construction contract dispute between a general contractor, defendant Fuller, and a subcontractor, plaintiff. According to his complaint plaintiff entered into a subcontractor agreement with defendant on February 20, 1987 to perform certain work on the installation of roll-crusher machinery at the Lehigh Portland Cement Company plant in Mitchell, Indiana. Count one alleges defendant breached by not paying plaintiff for cost overruns attributable to defendant's conduct. All invoices for the "extra" work were submitted to defendant by July 22, 1987, and the project was completed on June 22, 1987. The second count alleges fraud in that the defendant made misrepresentations to plaintiff while negotiating the subcontractor agreement on February 20, 1987. The third, for an accounting; and, fourth, for a permanent injunction barring defendant from selling assets. This court has jurisdiction over this action pursuant to § 28 U.S.C. 1332(a)(1).

After completing this project, "Line of Art and Millwright Construction and Operations, Inc., d/b/a Lamco, Inc." No. 87–04439, filed on October 9, 1987 a voluntary Chapter 11 petition in the United States Bankruptcy Court for the Eastern District of Louisiana. Def. Exhibit No. 1. A second voluntary Chapter 11 petition was filed on November 20, 1987 by "Joseph T. Lambert, d/b/a Lamco" No. 87–05127. Def. Exhibit No. 2.

On November 6, 1987, "Line of Art and Millwright Construction and Operations, Inc. d/b/a 'Lamco, Inc.'" filed an Adversary Complaint against defendant Fuller and the Lehigh–Portland Cement Company, Inc. in the United States Bankruptcy Court for the Eastern District of Louisiana. Def. Exhibit No. 3. This action alleges, *inter alia*, that defendant Fuller breached its contract with this plaintiff for failure to pay plaintiff cost overruns for work performed at the direction of defendant Fuller on the installation of the roll-crusher machinery at the Mitchell, Indiana site. An Amended Adversary Complaint added Lamco Inc. and Joseph T. Lambert as plaintiffs, and restated the claims alleged in the first Adversary Complaint. Def. Exhibit No. 4.

The Chapter 11 petitions filed by "Line of Art and Millwright Construction and Operations, Inc. d/b/a 'Lamco, Inc.'" and Joseph T. Lambert d/b/a Lamco Inc. were converted to Chapter 7 petitions on June 8, 1989 and November 21, 1989, respectively.

In its response to defendant's motion for summary judgment, plaintiff does not seek to contradict defendant's factual assertions. Instead, plaintiff notes that it filed a petition for voluntary withdrawal from Chapter 7. In light of this pending petition, on March 1 1990 I ordered this action placed in the civil suspense file. On August 3, 1990, the Honorable T. M. Brahney, III, United States Bankruptcy Judge of the Eastern of Louisiana, denied plaintiff's petition for voluntary withdrawal from Chapter 7. On August 24, 1990 I ordered this action transferred out of civil suspense.

## III. Discussion

From the uncontroverted facts presented by defendant, plaintiff's breach of contract claim accrued in July, 1987 upon the alleged breach, *Cucchi v. Rollins Protective Services Co.*, 377 Pa.Super. 9, 546 A.2d 1131 (1988). Plaintiff's second claim is for fraud and recites February 20, 1987 as the date of occurrence and July 22, 1987 as the date when the injury accrued, the day of the breach. *See Marino v. Seneca Homes, Inc.*, 63 Pa.Cmwlth. 534, 439 A.2d 1287 (1981). Plaintiff's remaining two claims assert no facts not alleged in the first two claims and generally seek to fashion different forms of relief. Accordingly, these causes of action accrued to the debtor before the filing of the initial Chapter 11 petition, and, most importantly, before conversion to Chapter 7.

Defendant argues that under the Bankruptcy Reform Act of 1978, referred to as the "Bankruptcy Code", plaintiff relinquishes to the bankruptcy trustee his right to prosecute a cause of action that accrued before the filing of a Chapter 7 petition. Filing for protection under the Bankruptcy Code creates an "estate." 11 U.S.C. § 541(a). This estate encompasses, *inter alia*, "all legal or equitable interests of the Debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). The debtor's causes of action may be considered property under section 541 of the Bankruptcy Code, and if so become the property of the bankruptcy estate. Upon the filing of, or conversion to, a Chapter 7 bankruptcy petition, an interim trustee is appointed, 11 U.S.C. § 701, to administer, *inter alia*, the property of the estate, including the exclusive right to prosecute causes of action that are the property of the bankruptcy estate. See 11 U.S.C. § 323(a) & (b).

The Circuits for the Court of Appeals are not in complete agreement on how to determine whether a debtor's cause of action become the property of the bankruptcy estate. Under section 70(a)(5) of the predecessor statute to the Bankruptcy Code, property of the estate included:

"[r]ights of action, which prior to the filing of the petition could by any means have transferred or which might have been levied upon and sold under judicial process against him, or otherwise seized, impounded, or sequestered: Provided, That rights of action ... for injuries to the person of the bankrupt ... shall not vest in the trustee unless by the law of the State such rights of action are subject to attachment, execution, garnishment, sequestration, or other judicial process ..." Bankruptcy Act 11 U.S.C. § 110(a)(5) (1976).

Here, the general practice was to look to state law to determine first whether the particular cause of action under consideration is transferable or subject to the reach of creditors by judicial process, with further limitations applying to actions for injuries to the person of the bankrupt.

This practice under section 70(a)(1) is still used by the Second Circuit when determining whether a pre-petition debtor cause of action passes to the bankruptcy estate as property under section 541. *See e.g. In re Crysen/Montenay Energy Co. v. Esselen Assoc.*, 902 F.2d 1098 (2d Cir.1990); In contrast, many other Circuits have interpreted section 541 as obviating inquiry into the otherwise relevant state law. *See e.g. Cottrell v. Schilling*, 876 F.2d 540, 542 (6th Cir.1989) ("[T]he legislative intent of Section 541 was to extend the definition of property to include all assignable and non-assignable causes of action.."); *Jones v. Harrell*, 858 F.2d 667, 669 (11th Cir.1988) ("A trustee in bankruptcy succeeds to all causes of action held by the debtor at the time the bankruptcy petition is filed."); (citations omitted); *Sierra Switchboard Co. v. Westinghouse Elec. Corp.*, 789 F.2d 705, 709 (9th Cir.1986) ("[r]egardless of whether a personal injury claim is transferable or assignable under state law, such claims become part of the bankruptcy estate under section 541.").

Although the Third Circuit has yet to rule on the reach of section 541 of the Bankruptcy Code, several decisions by the Bankruptcy Court for the Eastern District of Pennsylvania have applied the practice of searching out the state law to determine

the breadth of section 541(a)(1). *See e.g. In re Drewett*, 34 B.R. 316 (Bankr.E.D.Pa. 1983); *In re Lloyd*, 18 B.R. 624 (Bankr.E. D.Pa.1982). More recently, however, in *Cain v. Hyatt*, 101 B.R. 440 (E.D.Pa.1989), a decision of the District Court for the Eastern District of Pennsylvania squarely embraced the more expansive approach to section 541 as reflected in decisions by Sixth, Ninth and Eleventh Circuits. Further supporting the majority position, in *Tignor v. Parkinson*, 729 F.2d 977 (4th Cir.1984), the Fourth Circuit noted that: "The legislative history of this statute is explicit in that: 'The scope of this paragraph [section 541] is broad. It includes all kinds of property, including causes of action ... and all other forms of property currently specified in section 70(a) of the Bankruptcy Act ...' Leg.Hist. at 5868, 6323. It 'includes as property of the estate all property of the debtor, even that needed for a fresh start.' Id." 729 F.2d at 980. There, the state law approach was abandoned.

I am inclined to follow the majority and read the language of section 541 as supplanting the former practice of looking to state law to determine whether a pre-petition debtor's cause of action passes to the bankruptcy estate. In the instant complaint, it is clear that plaintiff seeks to assert causes of action that may only be, and, to some extent, have already been, asserted by the trustee. Also, plaintiff fares no better under a state law analysis; inquiry into Pennsylvania law reveals that plaintiff's breach of contract and fraud causes of action are transferable and assignable. *Hedlund Mfg. v. Weiser, Stapler & Spivak*, 517 Pa. 522, 539 A.2d 357 (1988). Thus, as a matter of law, plaintiff may not maintain the causes of action asserted in his complaint.

### IV. Conclusion

Defendant has established that no genuine issue of material fact exists, and that as a matter of law it is entitled to judgment.