In the Matter of David & Hannah ARMSTRONG, Debtors.

The ABBOTT BANK—HEMINGFORD, Plaintiff,

v.

David & Hannah ARMSTRONG, Defendants.

No. CV. 89-0-82.

United States District Court, D. Nebraska.

Nov. 27, 1989.

Douglas E. Quinn, Geoffrey V. Pohl, McGrath, North, Mullin & Kratz, P.C., Omaha, Neb., for plaintiff.

Michael Helms, Schmid, Mooney & Frederick, P.C., Omaha, Neb., for defendants.

## MEMORANDUM OPINION

STROM, Chief Judge.

This matter is before the Court on appellants' notice of appeal (Filing No. 1). Abbott Bank—Hemingford and David Nuttleman appeal pursuant to Bankruptcy Rule 8001, *et seq.*, from an order of the Bankruptcy Court overruling the appellants' objections to exemptions, and from an order denying appellants' motion for new trial or alternatively, to alter or amend judgment.

The debtors filed a Chapter 11 petition on December 31, 1986, and voluntarily converted that proceeding to a case under Chapter 7 on May 1, 1987. The appellants objected to a claim by the debtors of an exemption for annuities in the approximate amount of $303,000. The debtors purchased these annuities using the proceeds from the sale of their non-exempt property. The Bankruptcy Court overruled the objections and permitted the debtors to claim the annuities as exempt. On appeal, the appellants claim that the activities of the debtors in selling non-exempt property and convert-

ing it to exempt property were fraudulent so that the exemptions should be set aside.

■ The exemption statute in effect at the time the bankruptcy petition was filed, Neb.Rev.Stat. § 44–371, provided in pertinent part:

All proceeds, cash values and benefits accruing under any annuity contract, or under any policy or certificate of life insurance payable upon the death of the insured to a beneficiary other than the estate of the insured, and under any accident or health insurance policy, issued before, on, or after August 30, 1981, shall be exempt from attachment, garnishment, or other legal or equitable process, and from all claims of creditors of the insured, and of the beneficiary if related to the insured by blood or marriage, unless a written assignment to the creditor has been obtained by the claimant.

The Bankruptcy Code allows the debtor to retain property exempt either (1) under the provisions of the Bankruptcy Code itself, if not forbidden by state law, 11 U.S.C. § 522(b) and (d), or (2) under the provisions of state law and federal law other than the minimum allowances in the Bankruptcy Code, 11 U.S.C. § 522(b)(2). *See Hanson v. First National Bank in Brookings,* 848 F.2d 866, 868 (8th Cir.1988). The Nebraska legislature opted out of the federal exemptions provided at 11 U.S.C. § 522(d) in favor of exemptions under Nebraska law. *See* Neb.Rev.Stat. § 25–15, 105.

■ In *Hanson v. First National Bank in Brookings,* 848 F.2d 866 (8th Cir.1988), the creditors challenged the debtor's claimed exemptions on the basis that there existed extrinsic evidence of an intent to defraud creditors. The Court stated:

It is well established that under the Code, a debtor's conversion of non-exempt property to exempt property on the eve of bankruptcy for the express purpose of placing that property beyond the reach of creditors, without more, will not deprive the debtor of the exemption to which he otherwise would be entitled.

*Id.* at 868. The Court, noting that the Code permits a debtor to exempt either under the provisions of the Code itself or under the provisions of state law, stated that when a debtor claims a state created exemption, the scope of the claim is determined by state law. *Id.* The Court further stated that where the debtor acts with actual intent to defraud creditors, his exemption will be denied. However, since fraudulent intent is rarely susceptible of direct proof, courts have long accepted extrinsic evidence of fraud. Absent extrinsic evidence of fraud, mere conversion, *even while insolvent,* is not evidence of fraudulent intent as to creditors. *Id.*

The case of *Norwest Bank Nebraska, N.A. v. Tveten,* 848 F.2d 871 (8th Cir.1988), involved a debtor's right to discharge. The Court stated that a debtor's right to discharge, unlike his right to an exemption, is determined by *federal* law and not state law. In determining a debtor's right to discharge, 11 U.S.C. § 727(a)(2) provides that a debtor may be denied a discharge under Chapter 7 if, among other things, he has transferred property with the intent to hinder, delay or defraud a creditor within one year before the date of the filing of the petition. *Id.* at 874.

In this case, the Bankruptcy Court overruled the creditors' objections to exemptions finding no extrinsic evidence of intent to defraud. This Court may review the Bankruptcy Court's legal conclusions de novo but the Bankruptcy Court's findings of fact may not be set aside unless clearly erroneous. *Wegner v. Gruenwalt,* 821 F.2d 1317, 1320 (8th Cir.1987); *In re Martin,* 761 F.2d 472, 474 (8th Cir.1985). Under the statute then existing, the Nebraska legislature did not place a ceiling on the amount of annuities which could be claimed by a debtor as exempt.[1] The Bankruptcy Court noted that the Nebraska legislature has shown by its past activities that it cures apparent abuses of exemptions by amending the statutes. The Bankruptcy Court, in considering that the Nebraska Supreme Court has stated that exemption statutes are to be liberally construed to

1. The Court notes that the Nebraska legislature has amended the exemption statute covering annuities so that a debtor may not claim as exempt an amount in excess of $10,000. *See* Neb.Rev.Stat. § 44–371 (Reissue 1988).

854

effectuate their purpose, refused to engraft upon the statutes an exception based upon intent of the debtors.

 The Bankruptcy Court also considered the dictates of federal law noting that the conversion of property is not prohibited by federal law unless there exists extrinsic evidence of fraud. *See Hanson,* 848 F.2d at 868. The Bankruptcy Court did not find that the debtors' activities surrounding the conversion of the non-exempt property into exempt property constituted extrinsic evidence of fraud. It therefore overruled the appellants' objection to exemptions. The Court finds that the Bankruptcy Court was not clearly erroneous in failing to find fraud and accordingly will affirm the decision of the Bankruptcy Court.[2]

A separate order in accordance with this opinion will be issued this date.

---

**2.** The Court notes that the Bankruptcy Court, in a memorandum opinion dated March 1, 1989, denied the debtors' discharge as it found sufficient extrinsic evidence of intent to hinder, delay or defraud pursuant to 11 U.S.C. § 727(a)(2). Although when a debtor claims a state created exemption, the scope of the claim is determined by state law, the Code sets separate standards for determining whether a debtor shall be denied a discharge. The scope of the exemption is fixed by state law, but the debtor's right to discharge is determined by federal law. *See In re Johnson,* 880 F.2d 78, 79 (8th Cir.1989).