**In the Matter of John V. BORGMANN and Bette D. Borgmann, Debtors.**

**Bankruptcy No. BK93–41292.**

United States Bankruptcy Court,
D. Nebraska.

Nov. 22, 1994.

John Harmelink, Yankton, SD, for debtors.

Marilyn Abbott, Omaha, NE, counsel to chapter 13 Trustee, Kathleen A. Laughlin.

## MEMORANDUM

JOHN C. MINAHAN, Jr., Bankruptcy Judge.

Before the court is the Trustee's Objection to Claim of Exemption (Fil. # 95), and the Resistance by the debtors (Fil. # 104). The debtors assert that a lump-sum wrongful death settlement paid to their deceased daughter's estate, and subsequently paid from the estate to debtors, is exempt from claims of the debtors' creditors under Nebraska Revised Statutes §§ 25–1563.02 and 44–371. The Objection of the Trustee (Fil. # 95) is sustained.

### FINDINGS OF FACT

The debtors' daughter was killed in an automobile accident in 1990, and debtor John Borgmann was named as personal representative of his daughter's estate. The estate filed a wrongful death action against the other driver involved in the automobile accident. The action was settled, and $53,049.60 was paid to the estate of the daughter by the insurance company of the other driver. After expenses of litigation were paid, the daughter's estate held $31,130.76. Before this bankruptcy case was filed, the $31,130.76 passed from the daughter's estate to the debtors under the Nebraska law of intestate succession. At the time this case was filed, $15,000.00 of the settlement proceeds remained. Debtors claim the $15,000.00 as exempt property in their bankruptcy schedules pursuant to §§ 25–1563.02 and 44–371 of the

Nebraska Revised Statutes. The trustee objects to the claimed exemptions.

## LAW

Section 25–1563.02 of the Nebraska Revised Statutes provides in pertinent part:

All proceeds and benefits, including interest ... which are paid either in a lump sum or are accruing under any structured settlement ... which lump-sum settlement or periodic payments are made as compensation for personal injuries *or death*, shall be exempt ... from all claims of creditors of the beneficiary or the beneficiary's surviving dependents....

Neb.Rev.Stat. § 25–1563.02 (West Supp. 1993) (emphasis added).

Section 44–371 of the Nebraska Revised Statutes provides in pertinent part:

(1) All proceeds ... accruing under any annuity contract, under any policy ... of life insurance payable upon the death of the insured to a beneficiary other than the estate of the insured, or under any accident or health insurance policy shall be exempt from attachment ... and from all claims of creditors of the insured and of the beneficiary if related to the insured by blood or marriage....

Neb.Rev.Stat. § 44–371(1) (Reissue 1988).

## DISCUSSION

By this decision, and its interpretation of Nebraska statutory law, the parents of a deceased daughter are denied the benefit of the proceeds of a wrongful death action. Although this result may appear harsh at first glance, I am convinced that the statutory scheme developed by the legislature is carefully drafted to grant exemptions to only a narrow range of persons who receive the proceeds of a wrongful death action. Under § 25–1563.02, exemptions are extended to only the injured party, their estate if deceased, and their surviving dependents. Under § 44–371, exemptions for accident insurance proceeds are extended to only the insured and to beneficiaries who are related to the insured by blood or marriage. On the facts of this case, the debtors do not qualify as one of the legislatively recognized protected classes.

### Section 25–1563.02

In applying § 25–1563.02 to the facts of this case, it is important to distinguish between particular classes of creditors: creditors of the decedent's estate, and creditors of a transferee of the decedent's estate.

■ *Creditors of Decedent's Estate:* Section 25–1563.02, explicitly extends to instances of death. The proceeds of the wrongful death settlement agreement are exempt from all claims of creditors of the "beneficiary or the beneficiary's surviving dependents." The debtors' daughter died as a result of personal injuries. The decedent's estate settled its claim for wrongful death, and the estate received the settlement proceeds. On these facts, I conclude that the "beneficiary" of the settlement proceeds was the decedent's estate. Under § 25–1563.02, the proceeds of settlement are exempt from claims asserted against the decedent's estate. Accordingly, the settlement proceeds passed through the decedent's estate undiminished by the claims of creditors of the decedent.

■ *Creditors of Subsequent Transferee:* However, it is a separate and distinct question whether the settlement proceeds are exempt from claims of creditors of a transferee of the decedent's estate. In order for the proceeds to be exempt in the hands of a transferee, the transferee must qualify as a "beneficiary or beneficiary's surviving dependent." There is no evidence that the debtors were dependent on the decedent or her estate, so the only remaining question under § 25–1563.02 is whether the debtors qualify as "beneficiaries." I conclude the deceased daughter or her estate are beneficiaries under § 25–1563.02 and that the debtors do not qualify as beneficiaries under this statute.

I disagree with the debtors' contentions that they qualify as "beneficiaries" under § 25–1563.02 and that the $15,000.00 is exempt property in their hands. The debtors, as heirs of their daughter, received the proceeds of the wrongful death action by intestate succession under Nebraska law. The debtors had an indirect economic interest in the wrongful death litigation and received the economic benefit of the settlement.

However, the debtors' receipt of economic benefit from the settlement does not qualify them as statutory "beneficiaries" under § 25–1563.02 because the language of the statute rebuts this conclusion.

■ The term "beneficiary" as used in § 25–1563.02 does not refer to the persons or entities that receive some indirect economic benefit from a settlement. Such an expansive reading of the term "beneficiary" under § 25–1563.02 renders meaningless the statutory words of limitation "or the beneficiary's surviving dependents." If the term "beneficiary" were read to include persons who receive indirect economic benefit from a settlement, the phrase "the beneficiary's surviving dependents ..." would become unnecessary surplusage. The words of limitation "or the beneficiary's surviving dependents" require that the term "beneficiary" be read narrowly as referring only to the injured party or, if deceased, the injured party's estate. Therefore the debtors are not "beneficiaries" as that term is used in § 25–1563.02.

There is no evidence that the debtors were legally dependent on their daughter or her estate. Since the debtors in this case do not qualify as beneficiaries or as surviving dependents of the beneficiary, the proceeds of the wrongful death settlement are not exempt from claims of the debtors' creditors under § 25–1563.02.

### Section 44–371

I conclude that the debtors may also not exempt the remaining settlement proceeds under § 44–371. When this statute is applied to a hypothetical situation involving proceeds of a life insurance policy, it is unambiguous. Had the debtors' daughter been an "insured" of a life insurance policy on which the debtors were named beneficiaries, it is clear that the life insurance proceeds would be exempt from the claims of the debtors' creditors. However, on the facts of this case, we are dealing with the proceeds of an automobile insurance policy owned by a party other than the deceased daughter of the debtors. Even if we assume that automobile liability insurance is "accident insurance" covered by § 44–371, the debtors in this case do not qualify for the exemption.

Under § 44–371, insurance proceeds are exempt from claims of creditors of the *insured* and from claims of creditors of "the *beneficiary* if related to the insured by blood or marriage...." Neb.Rev.Stat. § 44–371 (Reissue 1988). In this case, the other driver was the "insured". The debtors do not qualify as either "insureds" or "beneficiaries" of the other driver's policy.

■ *Not Insureds:* I conclude that neither the debtors nor their daughter were "insureds" under the automobile liability policy of the other driver. The term "insured" is generally defined for insurance purposes to refer to "the owner of the property insured, to whom the policy is issued and by whom the premium is paid, and does not include a person appointed to receive a portion of the proceeds in case of loss." 2A George J. Couch, *Couch on Insurance* § 23:1 (1984). After reviewing the statutes in Nebraska dealing with insurance, I conclude that the legislature was using "insured" in this sense in § 44–371. Therefore, the other driver was the "insured" on the facts of this case rather than the debtors or the debtors' deceased daughter.

■ *Not Beneficiaries:* I also conclude that the debtors do not qualify as "beneficiaries" under § 44–371. A "beneficiary" for insurance purposes is generally defined as "the one to whom the insurance is payable, or who is entitled to the proceeds ... on the occurrence of the event designated." 4 George J. Couch, *Couch on Insurance* § 27:1 (1984). I conclude that § 44–371 uses the term "beneficiary" in this general sense. In the present case, the insurance proceeds were payable to the estate of the decedent not to the parents. The debtors, as parents, received the proceeds pursuant to the intestate succession laws and not as "beneficiaries" of the insurance policy of the other driver. Therefore, the debtors may not claim the proceeds as "beneficiaries".

■ Even if we assume that the debtors in this case were "beneficiaries" of the insurance policy of the other driver, the debtors could not claim the proceeds as exempt because the debtors do not satisfy the statutory requirement that the "beneficiaries" be relat-

ed by blood or marriage to the "insured", the other driver. Therefore, the debtors may not exempt the remaining settlement proceeds under § 44–371.

IT IS THEREFORE ORDERED, that the Objection to Exemptions by the Trustee (Fil. # 95) is sustained. The debtors may not exempt the $15,000.00 in wrongful death settlement proceeds under either § 25–1563.02 or § 44–371 of the Nebraska Revised Statutes.