**In the Matter of Edward Earl KEY, Debtor.**

**Bankruptcy No. BK00–40275.**

United States Bankruptcy Court. D. Nebraska.

Nov. 2, 2000.

Mr. Mark R. Widell, Lincoln, NE, for Edward Earl Key.

Mr. Vincent M. Powers, Lincoln, NE, Special Counsel for Edward Earl Key.

Ms. Lynne R. Fritz, Lincoln, NE, for James J. Stumpf, Successor Chapter 7 Trustee.

### MEMORANDUM

JOHN C. MINAHAN, Jr., Bankruptcy Judge.

Before the Court is the Chapter 7 trustee's objection to an exemption asserted for debtor's cause of action for employment discrimination. The objection is sustained in part.

### Facts

When the debtor filed for relief under Chapter 7 of the Bankruptcy Code, he was one of several plaintiffs to a lawsuit presently pending in the United States District Court for the District of Nebraska alleging racial discrimination and retaliation by his former employer.[1] The debtor did not list

---

1. The case is captioned *Edward Earl Key, et al. v. The Goodyear Tire & Rubber Company,*

this cause of action among his assets, nor did he include the pending lawsuit in his statement of financial affairs. However, the Chapter 7 trustee discovered the existence of the cause of action. There is no suggestion in the record that this cause of action was intentionally concealed.

The Chapter 7 trustee notified the Court of his intention to claim the debtor's interest in the cause of action as property of the bankruptcy estate for administration and distribution. The debtor then amended his schedules to list the employment discrimination claim at an estimated value of $1,000.00, and to assert that the claim constituted exempt property under NEB. REV. STAT. § 25–1563.02.

Section 25–1563.02 provides, in relevant part, as follows:

[A]ll proceeds and benefits, including interest earned thereon, which are paid either in a lump sum or are accruing under any structured settlement providing periodic payments, which lump-sum settlement or periodic payments are made as compensation for personal injuries or death, shall be exempt from attachment, garnishment, or other legal or equitable process and from all claims of creditors of the beneficiary or the beneficiary's surviving dependents unless a written assignment to the contrary has been obtained by the claimant.

NEB. REV. STAT. ANN. § 25–1563.02(1) (MICHIE 1995).

The debtor asserts that his claim of discrimination constitutes a personal injury. The trustee disagrees and asserts that the cause of action is non-exempt property. The trustee seeks to administer the discrimination claim for the benefit of creditors of the bankruptcy estate.

The State of Nebraska has opted out of the federal exemption scheme, electing instead to retain the personal exemptions provided in its statutes and constitution.

and is Case Number 4:99CV3109. It was filed in April 1999, and is set for trial in March 2001, under 42 U.S.C. §§ 2000e, *et*

NEB. REV. STAT. ANN. § 25–15,105 (MICHIE 1995). Under 11 U.S.C. § 522, Nebraska law of exemption is applicable in bankruptcy cases. As noted above, Nebraska exempts proceeds and benefits paid either through a lump-sum settlement or periodic payments as compensation for personal injuries. § 25–1563.02.

### Discussion

This case presents three issues. First, is the employment discrimination cause of action property of the bankruptcy estate? Second, does the cause of action, itself, constitute exempt property under Nebraska law? Third, do proceeds of the employment discrimination cause of action constitute exempt property?

█ Property of a bankruptcy estate includes, inter alia, all legal or equitable interests of the debtor in property as of the commencement of the case. 11 U.S.C. § 541(a)(1). It is well-established that "all legal and equitable interests … in property" include causes of action existing at the time the bankruptcy case was filed. *Mixon v. Anderson (In re Ozark Restaurant Equip. Co., Inc.)*, 816 F.2d 1222, 1225 (8th Cir.), *cert. denied*, 484 U.S. 848, 108 S.Ct. 147, 98 L.Ed.2d 102 (1987); *Williams v. Kaiser Permanente Div. of Research*, 2000 WL 1262657, at *3 (N.D.Cal. Aug.22, 2000); *Harris v. St. Louis Univ.*, 114 B.R. 647, 648 (E.D.Mo.1990); *Matter of Williams*, 197 B.R. 398, 402 (Bankr. M.D.Ga.1996).

█ In a Chapter 7 bankruptcy case, the trustee is the sole representative of the estate. The trustee is charged with collecting the property of the estate and reducing it to money for distribution to creditors. 11 U.S.C. § 704(1). Any unresolved cause of action belonging to the estate passes to the trustee, who has the responsibility and authority to prosecute or settle the claim. *Ozark Restaurant*

*seq.*, as amended; 42 U.S.C. § 1981; and NEB. REV. STAT. §§ 48–1001, *et seq.*, and 20–148.

*Equip.,* 816 F.2d at 1225; *Cable v. Ivy Tech State College,* 200 F.3d 467, 472 (7th Cir.1999); *Kemp v. Tyson Seafood Group, Inc.,* 19 F.Supp.2d 961, 965–66 (D.Minn. 1998).

Therefore, under the Bankruptcy Code, this debtor's cause of action for prepetition employment discrimination clearly is property of the estate, and only the Chapter 7 bankruptcy trustee has standing to prosecute the claim.

■ The second issue is whether the cause of action itself constitutes exempt property under § 522 and Neb. Rev. Stat. § 25–1563.02. The language of the Nebraska personal injury exemption statute, quoted above, exempts only "proceeds or benefits"; it does not exempt causes of action or claims. This distinction makes sense because a particular cause of action may give rise to compensation for both personal injury and other damages such as for property destruction. The statute contemplates that a cause of action will be liquidated before the exemption can be claimed with regard to compensation for personal injury or death. The debtor's cause of action for employment discrimination does not constitute exempt property.

■ The third issue is whether proceeds of the employment discrimination cause of action constitute exempt property. The Court can envision circumstances where the only recovery available under a particular cause of action would be compensation for personal injuries. In that limited situation, it would be known prior to judgment that the proceeds of the cause of action would be exempt property under § 25–1563.02 as compensation for personal injuries. In that limited circumstance, the Chapter 7 trustee should abandon the claim because its administration would be burdensome to the bankruptcy estate and the proceeds of the cause of action would be exempt.

■ However, when the bankruptcy estate includes an unliquidated cause of action which may lead to a recovery of damages other than those for personal injuries, the Chapter 7 trustee should consider administering the cause of action for the benefit of creditors. The Court would then have to determine on a case-by-case basis whether any proceeds would be exempt under Nebraska law.

■ On the facts of this case, the debtor's complaint on file with the Clerk of the United States District Court for the District of Nebraska alleges violations of Title VII, 42 U.S.C. § 1981, and Nebraska antidiscrimination statutes. The debtor seeks back pay and benefits; reinstatement or front pay; compensatory damages for medical expenses, pain and suffering, and emotional distress; and punitive damages. The question is whether some or all of these types of recovery are exempt property under § 25–1563.02 as compensation for personal injury.

The parties have not cited, and I have not found, any case law interpreting "personal injury" in the context of the Nebraska exemption statutes. Courts in states with similar exemptions have concluded that at least some of the proceeds from employment discrimination or harassment lawsuits constitute exempt property.

Of the limited number of courts to have addressed the scope of personal injury exemptions, Minnesota appears to be in the minority by interpreting the phrase "personal injury" to mean only physical injury. *See In re Crawford,* 208 B.R. 924 (Bankr. D.Minn.1994).

Other courts follow established judicial construction of the phrase or rely on the plain meaning of the term to conclude that "personal injury" encompasses psychological injury as well. *See In re Dobbins,* 249 B.R. 849, 852 (Bankr.D.Md.2000) (citing Maryland precedent that "[u]nless the statute were to limit the claim to bodily injury, it is difficult to assume that the person does not include both body and psyche"); and *King v. Webb (In re Webb),* 214 B.R. 553 (E.D.Va.1997) (whether following narrow dictionary definition of per-

sonal injury as damage to one's person or broader dictionary definition of personal injury as any invasion of personal rights, settlement proceeds designated as compensation for personal injuries in debtor's employment discrimination case where she alleged physical and mental harm were exempt).

Likewise, courts in Missouri have construed that state's broad exemption statute to cover injuries affecting personal interests. A debtor's recovery for mental suffering or damage to his reputation, inter alia, is exempt, while his recovery for injuries to property interests, such as lost income, is not. *In re Barnes,* 177 B.R. 635, 637–38 (Bankr.E.D.Mo.1995).

Based on the holdings of these cases, it appears that potential damages available in debtors' employment discrimination causes of action include damages for personal injury and damages other than for personal injury. Under these circumstances the trustee may elect to administer the cause of action for the benefit of creditors and to not abandon it.

The Court will not rule on whether any proceeds are exempt until the claim has been liquidated either through judgment or settlement. If the case is resolved through settlement, the parties' settlement agreement should explicitly state what type(s) of damages the proceeds are intended to remedy. I will rule on the exempt nature of the proceeds when I review and approve the settlement agreement, if any. If the case goes to trial, counsel should consider requesting special interrogatories and/or detailed jury instructions so that this Court can determine how the damages awarded were allocated among the types of recovery requested. I then will determine the exemption question upon motion of a party.

The cause of action for employment discrimination should be prosecuted for the mutual benefit of the debtor and the bankruptcy estate in a cooperative effort. The trustee should consider retention of debt-or's existing special counsel to represent the estate and the debtor in prosecution of the claim.

A separate order will be entered consistent herewith.