**In the Matter of Joshua & Shauna RHEA, Debtors.**

**No. BK04–42427.**

United States Bankruptcy Court, D. Nebraska.

Nov. 22, 2004.

Andrew Snyder, Scottsbluff, NE, for Debtors.

## MEMORANDUM

TIMOTHY J. MAHONEY, Chief Judge.

Hearing was held in Lincoln, Nebraska, on October 7, 2004, on the Chapter 7 trustee's objection to exemption (Fil.# 9) and resistance by the debtors (Fil.# 12). Andrew Snyder appeared for the debtors, and Philip Kelly appeared as Chapter 7 trustee. This memorandum contains findings of fact and conclusions of law required by Federal Rule of Bankruptcy Procedure 7052 and Federal Rule of Civil Procedure 52. This is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(B).

The debtor Joshua Rhea was injured in 2000 while operating an all-terrain vehicle ("ATV"). He subsequently filed a products liability action against the ATV manufacturer, which was mediated to a settlement earlier this year. The parties agreed to payment of a lump-sum settlement to Mr. Rhea in exchange for his dismissal of the lawsuit and release of claims. The settlement documents do not set out monetary amounts for specific elements of damage; the payment is simply described as "a one-time lump sum payment". Settlement Agreement ¶ 6 (attached to Fil. # 16). The settlement proceeds were delivered to Mr. Rhea's attorney and deposited in the law firm's trust account. Legal fees and expenses were paid, and a distribution of $3,000 was made to Mr. Rhea. The balance of $56,519.33 remains in the firm's trust account.

The debtors filed this Chapter 7 case in July, and claimed the settlement proceeds as exempt under Neb.Rev.Stat. § 25–1563.02.[1] The trustee objected to such an exemption, arguing that certain portions of the settlement amount are not exempt under that statute. Specifically, he takes the position that a "personal injury claim" in-

---

1. That statute provides:

   § 25–1563.02. Lump–sum settlement; structured settlement; exempt from certain process; when.

   (1) Except as provided in subsection (2) of this section, all proceeds and benefits, including interest earned thereon, which are paid either in a lump sum or are accruing under any structured settlement providing periodic payments, which lump-sum settlement or periodic payments are made as compensation for personal injuries or death, shall be exempt from attachment, garnishment, or other legal or equitable process and from all claims of creditors of the beneficiary or the beneficiary's surviving dependents unless a written assignment to the contrary has been obtained by the claimant.

   (2) All proceeds and benefits, including interest earned thereon, which are paid for personal injuries may be garnished by a county attorney or authorized attorney pursuant to section 43–512.03 or garnished for child support as defined in section 43–1705 by an obligee as defined in section 43–1713. Neb.Rev.Stat. Ann. § 25–1563.02 (LexisNexis 2004).

cludes several elements that are not exempt under Nebraska law, such as pre-petition lost wages and pre-petition medical expenses. Because there are separate and distinct elements of recovery for a "personal injury claim," and because § 25–1563.02 references "payments made as compensation for personal injuries or death" and does not use the term "personal injury claim," the trustee asserts that a settlement of a "personal injury claim" is not necessarily fully exempt.

■ Nebraska has rejected the federal exemptions provided in 11 U.S.C. § 522(d) in favor of retaining the personal exemptions set out in the Nebraska statutes and constitution. Neb.Rev.Stat. Ann. § 25–15,105 (LexisNexis 2004); *Horace Mann Cos. v. Pinaire*, 248 Neb. 640, 650, 538 N.W.2d 168, 174–75 (1995); *The Abbott Bank—Hemingford v. Armstrong (In re Armstrong)*, 127 B.R. 852, 853 (D.Neb. 1989), *aff'd*, 931 F.2d 1233 (8th Cir.1991).

■ Exemption statutes are to be liberally construed in favor of the debtor. *In re Welborne*, 63 B.R. 23, 26 (Bankr.D.Neb. 1986); *Grassman v. Jensen (In re Estate of Grassman)*, 183 Neb. 147, 152, 158 N.W.2d 673, 676 (1968); *Quigley v. McEvony*, 41 Neb. 73, 59 N.W. 767, 769 (1894).

Only a handful of Nebraska bankruptcy cases have addressed § 25–1563.02 in a context relevant to the issue presently before the court. In *Hitch v. Badami (In re Hitch)*, Neb. Bkr. 89:451 (Bankr.D.Neb. Sept. 1, 1989), the debtor received a structured settlement for injuries sustained in the course of his employment. The court concluded, first, that the full amount of the settlement was property of the estate. This was in contrast to the debtors' argument that the portion of the proceeds allocable to future (post-petition) wages and pain and suffering should be excluded from the bankruptcy estate. In addition to legal bases for so finding, the court noted that none of the trial evidence enabled it to apportion the amount attributable to pain and suffering and future wages from the total amount of the settlement proceeds. The court then determined that because the entire amount of the proceeds was being paid pursuant to the structured settlement agreement between the parties, it was fully exempt under § 25–1563.02. *Id.* at 458.

Likewise, in *In re Tate*, Neb. Bkr. 92:393 (Bankr.D.Neb. July 27, 1992), the court concluded that a structured personal injury settlement constituted the type of settlement that is exempt under § 25–1563.02.

In *In re Borgmann*, 176 B.R. 172 (Bankr.D.Neb.1994), the court found that proceeds from a wrongful death action were not exempt under that statute because the debtors had received them as heirs of the decedent, rather than as beneficiaries.

In *In re Key*, 255 B.R. 217 (Bankr. D.Neb.2000), the court considered a cause of action held by the debtor alleging employment discrimination. The trustee's objection to the claimed exemption in that asset was sustained in part because the cause of action had not been liquidated, and unliquidated causes of action cannot be exempted under § 25–1563.02. In *Key*, the court deferred ruling on whether any proceeds from the lawsuit would be exempt, suggesting that if the debtor were successful in his lawsuit, the recovery could conceivably include damages that the Nebraska Supreme Court may or may not classify as compensation for personal injuries. In other words, there may be damages awarded in litigation that is not typically considered "personal injury" litigation which could nevertheless be exemptible under § 25–1563.02. The matter was

eventually settled, so the bankruptcy court did not reach the issue.

One other Nebraska bankruptcy case has determined that the exemption does not extend to assets purchased with proceeds from a personal injury claim. *In re Burchard,* 214 B.R. 494 (Bankr.D.Neb. 1997). That is not an issue in the case before the court.

 The trustee's position in the present case rests on a strained reading of the statute. Distilled to its essence, the statute says, "all proceeds and benefits ... paid either in a lump sum or ... structured settlement providing periodic payments, ... made as compensation for personal injuries or death, shall be exempt from ... all claims of creditors[.]"

Had the legislature intended to exclude the amount of recovery for medical expenses or lost wages from exemption, it could have used language to that effect. As the statute stands, it exempts "all proceeds" compensating the debtor for his personal injury.

Moreover, if there truly is an issue in personal injury recoveries or settlements regarding the allocation of damages among the various allowable elements, one would think the Nebraska model jury instructions and verdict forms would require more specificity from the finder of fact as to that allocation. The jury instructions set forth various elements of damage that, if proven, the jury may consider, but the verdict form does not ask the jury to delineate the partition of the award other than between economic and non-economic damages.

There just does not seem to be a valid reason, under the circumstances of this case, to read language into the statute to benefit creditors. The statute seems clear on its face that all personal injury proceeds are exempt. Even if there is some

question as to the proper interpretation, exemption statutes are to be liberally construed in the debtors' favor.

In conclusion, I find that the proceeds of the debtor's lump-sum settlement of his personal injury lawsuit are exempt under Neb.Rev.Stat. § 25–1563.02. The trustee's objection will be overruled.

Separate order will be filed.