**In the Matter of T. Brent DIERS and Sheryl A. Diers, Debtors.**

**No. BK04–82146.**

United States Bankruptcy Court. D. Nebraska.

Dec. 21, 2004.

---

**4.** This figure is derived as follows:

| | | | | | |
|---|---|---|---|---|---|
| Thomas J. Geygan, Sr. | 4.9 hours | @ | $225/hour | = | $1,102.50 |
| Gregg Stout | 9.5 hours | @ | $125/hour | = | $1,187.50 |
| | | | | | $2,290.00 |

Joseph H. Badami, Woods and Aitken LLP, Lincoln, NE, for Debtors.

## MEMORANDUM

TIMOTHY J. MAHONEY, Chief Judge.

Hearing was held in Omaha, Nebraska, on October 12, 2004, regarding Filing No. 22, Objection to Exemptions, filed by Trustee Thomas D. Stalnaker and Filing No. 30, Resistance, filed by the debtors. Joseph Badami appeared for the debtors and Thomas Stalnaker appeared as Chapter 7 trustee. This memorandum contains findings of fact and conclusions of law required by Federal Rule of Bankruptcy Procedure 7052 and Federal Rule of Civil Procedure 52. This is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(B).

The daughter of the debtors was killed in an automobile accident. The debtors employed the services of an attorney to prosecute a cause of action against the driver of the vehicle. Prior to filing suit, the matter was settled. Sheryl A. Diers, one of the debtors herein and mother of the decedent, was appointed as personal representative of the estate of the decedent and applied to the County Court of Dodge County, Nebraska, for "Leave to Settle Claim for the Wrongful Death" of her daughter. A court order provided that two insurance companies had agreed to make lump-sum settlements to the estate of the decedent as a "full satisfaction of the

wrongful death claims that the Personal Representative of the estate ... ha[d]" against either of the companies.

The funds were received by Mr. and Mrs. Diers.

In June 2004, the debtors filed this voluntary petition under Chapter 7 of the Bankruptcy Code. They included in Schedule C the remaining $9,500 of the wrongful death settlement payment and claimed that amount as exempt under the Nebraska statutes.

The Chapter 7 trustee has filed an objection to the claimed exemption on the grounds that the debtors are not "dependents" under Neb.Rev.Stat. § 25–1563.02 as construed by *In re Borgmann*, 176 B.R. 172 (Bankr.D.Neb.1994). The debtors have resisted the objection.

Counsel for the debtors and counsel for the trustee have each filed well-written briefs, and counsel for the debtors has attached the court order approving the settlement and an affidavit of the attorney who represented Mrs. Diers in her capacity as personal representative. The court order and the affidavit are admitted into evidence.

The statutory provision in question with regard to the exemption of the funds is Neb.Rev.Stat. § 25–1563.02, which provides in relevant part as follows:

(1) ... [A]ll proceeds and benefits, including interest ..., which are paid either in a lump sum or are accruing under any structured settlement ... which lump-sum settlement or periodic payments are made as compensation for personal injuries or death, shall be exempt ... from all claims of creditors of the beneficiary or the beneficiary's surviving dependents ....

■ As pointed out by the debtors, the language of this subsection provides that a debtor may take an exemption in the wrongful death payment only if: (1) his or her right to receive a payment is on account of the death of an individual; (2) he or she was a beneficiary of the settlement; or (3) he or she is the beneficiary's surviving dependent. There is no question that the payment was received on account of the death of the decedent. There is also no question that the debtors are not surviving dependents of the decedent. The question then becomes whether the debtors are beneficiaries of the settlement.

■ In Nebraska, there are two types of causes of action which vest in and can be brought only by the personal representative of a decedent's estate. One is governed by Neb.Rev.Stat. § 25–1401 *et seq.*[1] and Neb. Rev. Stat § 25–322[2]. Those two statutory provisions allow a cause of action held by a person who is fatally injured to be prosecuted by the personal representative of the decedent. The cause of action is referred to as a "survival action." *See*

---

1. § 25–1401. Causes of action which survive.

   In addition to the causes of action which survive at common law, causes of action for mesne profits, or for an injury to real or personal estate, or for any deceit or fraud, shall also survive, and the action may be brought, notwithstanding the death of the person entitled or liable to the same.
   § 25–1402. Actions which abate by death of defendant.

   No action pending in any court shall abate by the death of either or both the parties thereto[.]

2. § 25–322. Substitution of parties; death; disability; transfer of interest.

   An action does not abate by the death or other disability of a party ... if the cause of action survive or continue. In the case of the death or other disability of a party, the court may allow the action to continue by or against his representative or successor in interest....

*Rhein v. Caterpillar Tractor Co.*, 210 Neb. 321, 314 N.W.2d 19 (1982); *Murray v. Omaha Transfer Co.*, 95 Neb. 175, 145 N.W. 360 (1914). In other words, when a person is injured by the negligent act of another, a cause of action accrues to the injured person and his or her death does not extinguish that cause of action. *Eli's, Inc. v. Lemen*, 256 Neb. 515, 591 N.W.2d 543 (1999). A survival action is not a new cause of action but is a continuation in the deceased's personal representative of the cause of action which accrued to the deceased under the common law. *Webster v. City of Hastings*, 59 Neb. 563, 81 N.W. 510 (1900). The purpose of the survival action is to recover the loss to the decedent's estate resulting from the tort. *See Murray, supra* (when plaintiff dies from injuries for which he brought suit, administrator is entitled to recover for benefit of estate what plaintiff would have been entitled to if he had survived).

■ In contrast, Neb.Rev.Stat. §§ 30–809 & –810 provide a cause of action, not to the decedent and the decedent's estate, but to a personal representative of the decedent for the exclusive benefit of the widow or widower and next of kin.[3]

Under the law of Nebraska, an action brought under Sections 30–809 and 30–810

is referred to as a wrongful death action. *See Stevenson v. Richardson County*, 9 F.R.D. 437 (D.Neb.1949) (this section was created not as an administrable asset of the decedent's estate generally, but rather for the direct and exclusive benefit of the widow or widower and next of kin); *Mabe v. Gross*, 167 Neb. 593, 94 N.W.2d 12 (1959) ("next of kin" means the class of persons nearest in degree of blood surviving the deceased).

Returning now to the issue of whether the lump-sum settlement received by the parents of the decedent is exempt under Neb.Rev.Stat. § 25–1563.02, we have guidance from an opinion by Judge Minahan in the matter of *In re Borgmann*, 176 B.R. 172 (Bankr.D.Neb.1994). In that case, the debtors, parents of a decedent killed in an automobile collision, received a lump-sum settlement paid after the personal representative of the daughter's estate filed an action against the other driver involved in the automobile accident. Before the bankruptcy case was filed, the personal representative distributed the net proceeds of the litigation to the debtors. At the time the bankruptcy case of the debtors was filed, there remained $15,000 of the settlement proceeds.

---

**3.** § 30–809. Wrongful death; action authorized.

Whenever the death of a person ... is caused by the wrongful act, neglect, or default of any person ... and the act, neglect, or default is such as would, if death had not ensued, have entitled the person injured to maintain an action and recover damages in respect thereof, then, and in every such case, the person who ... would have been liable if death had not ensued, is liable in an action for damages, notwithstanding the death of the person injured, and although the death was caused under such circumstances as amount in law to felony.

§ 30–810. Action for wrongful death; ...

Every such action ... shall be brought by and in the name of the person's personal representative for the exclusive benefit of the widow or widower and next of kin. The verdict or judgment should be for the amount of damages which the persons in whose behalf the action is brought have sustained. The avails thereof shall be paid to and distributed among the widow or widower and next of kin in the proportion that the pecuniary loss suffered by each bears to the total pecuniary loss suffered by all such persons. A personal representative shall not compromise or settle a claim for damages ... until the court ... shall first have consented to and approved the terms thereof.... Such amount shall not be subject to any claims against the estate of such decedent.

The debtors claimed the $15,000 was exempt pursuant to Section 25–1563.02. The Chapter 13 trustee objected to the claimed exemption.

The opinion is silent with regard to what the lawsuit claimed. One cannot determine from the opinion whether the action filed by the personal representative was one under § 25–1401 *et seq.* or under §§ 30–809 & –810. In addition, neither of those statutes is referenced in the opinion.

Judge Minahan, construing Section 25–1563.02 alone, determined that "[t]he decedent's estate settled its claim for wrongful death, and the estate received the settlement proceeds. On these facts, I conclude that the 'beneficiary' of the settlement proceeds was the decedent's estate." *Borgmann* at 174. Judge Minahan further found:

> The debtors had an indirect economic interest in the wrongful death litigation and received the economic benefit of the settlement. However, the debtors' receipt of economic benefit from the settlement does not qualify them as statutory "beneficiaries" under § 25–1563.02 because the language of the statute rebuts this conclusion. . . .
>
> . . . If the term "beneficiary" were read to include persons who receive indirect economic benefit from a settlement, the phrase "the beneficiary's surviving dependents . . ." would become unnecessary surplusage. The words of limitation "or the beneficiary's surviving dependents" require that the term "beneficiary" be read narrowly as referring only to the injured party or, if deceased, the injured party's estate. Therefore the debtors are not "beneficiaries" as that term is used in § 25–1563.02.
>
> . . . Since the debtors in this case do not qualify as beneficiaries or as surviving dependents of the beneficiary, the proceeds of the wrongful death settle-

ment are not exempt from claims of the debtors' creditors under § 25–1563.02. *Borgmann* at 174–75.

The *Borgmann* analysis is not controlling in this case. First, in this case, no lawsuit was filed. Second, apparently neither counsel for the debtors nor counsel for the trustee nor the court considered the wrongful death and/or survivorship statutes.

■ The legislative history of Section 25–1563.02, as amended in 1993, added lump-sum settlements to the types of benefits which would be exempt from claims of creditors. However, there is nothing in the legislative history that differentiates benefits received as a lump-sum settlement under the "survivorship" statutory provisions from benefits received in a lump-sum settlement under the "wrongful death" statutory provisions. Those two different "wrongful death" statutes were on the statute books at the time Section 25–1563.02 was amended. Had the legislature intended to exclude benefits of lump-sum settlements resulting from personal injury or death under one statutory section or the other, the legislature had the perfect opportunity to do so when it added the "lump-sum" provisions to Section 25–1563.02.

Under both wrongful death statutory provisions, the cause of action when there is a death involved must be brought by the personal representative of the estate of the decedent. Therefore, the fact that a lump-sum settlement is negotiated by or awarded to the personal representative is not significant with regard to whether or not the debtors are "indirect beneficiaries" as indicated in *Borgmann, supra,* or whether they are the actual direct beneficiaries as defined under Sections 30–809 & –810.

In conclusion, because the legislature has not prohibited the holders of causes of

action under Section 25–1401 *et seq.* or Sections 30–809 and –810 from exempt status under Section 25–1563.02 and because there is no evidence before this court with regard to the type of cause of action which was settled, except for the order of the probate court which provided that the settlement was "in full satisfaction of the wrongful death claims that the Personal Representative of the estate herein has against [the insurance companies]" and that "said sum set forth above shall be a full and complete compromise and settlement of all claims of whatsoever nature which the estate of Katie Irene Diers has against" the insurance companies and the driver of the vehicle, I find that the funds resulting from the lump-sum settlement still in possession of the debtors are exempt under Section 25–1563.02.