**Stan v. BYRD, Plaintiff,**

v.

**John E. POTTER, Postmaster General, United States Postal Service, Defendant.**

**No. 1:01 CV 222–B–D.**

United States District Court,
N.D. Mississippi,
Eastern Division.

March 29, 2002.

Barbara W. Clark, Moore and Clark, P.C., Knoxville, TN, for Stan V. Byrd, plaintiff.

Patricia Rogers Lewis, U.S. Attorney's Office, Oxford, MO, for John E. Potter, Postmaster General, United States Postal Service, defendant.

## MEMORANDUM OPINION

BIGGERS, Senior District Judge.

This cause comes before the court on the defendant's motion to dismiss, or in the alternative, motion for summary judgment. Since the court considered exhibits outside the pleadings, the instant motion is construed as a motion for summary judgment. The court notes that the plaintiff, through counsel, failed to submit a reply memorandum of authority, as required by Local Rule 7.2(D).[1]

On a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265,

---

1. The plaintiff submitted a reply in opposition but cited no authority.

275 (1986) ("the burden on the moving party may be discharged by 'showing'...that there is an absence of evidence to support the nonmoving party's case"). Under Rule 56(e) of the Federal Rules of Civil Procedure, the burden shifts to the nonmovant to "go beyond the pleadings and by ... affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp.*, 477 U.S. at 324, 106 S.Ct. 2548. That burden is not discharged by "mere allegations or denials." Fed. R.Civ.P. 56(e). All legitimate factual inferences must be drawn in favor of the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202, 216 (1986); *Matagorda County v. Russell Law*, 19 F.3d 215, 217 (5th Cir.1994). Rule 56(c) mandates the entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322, 106 S.Ct. 2548. Before finding that no genuine issue for trial exists, the court must first be satisfied that no reasonable trier of fact could find for the nonmovant. *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538, 552 (1986); *Fed. Sav. & Loan Ins. v. Kralj*, 968 F.2d 500, 503 (5th Cir. 1992).

This action was brought pursuant to Title VII for racial discrimination in employment. The complaint alleges discriminatory incidents occurring on July 8, 1998, August 14, 1998 and August 25, 1998 and ongoing discrimination as of the filing date of June 7, 2001.[2] The plaintiff filed separate administrative Equal Employment Opportunity [EEO] complaints for the specified incidents alleged in the complaint and for alleged incidents occurring on September 9, 1998, July 3, 1999 and July 6, 1999. The plaintiff initially contacted an EEO counselor in 1998 regarding the four alleged 1998 incidents. With respect to the two alleged 1999 incidents, the plaintiff initially contacted an EEO counselor on July 20, 1999 and August 3, 1999, respectively. The plaintiff filed formal EEO complaints on April 27, 1999, May 17, 1999 and on February 22, 2000.[3]

The defendant contends that this cause should be dismissed on the grounds of lack of subject matter jurisdiction or judicial estoppel. On February 23, 1999, the plaintiff filed a voluntary petition in bankruptcy, Cause No. 99–10804, in the United States Bankruptcy Court for the Northern District of Mississippi, under Chapter 7 of Title 11 of the United States Code. 11 U.S.C. § 521(1) of the Bankruptcy Code requires a debtor to file a schedule of assets and a statement of financial affairs. The court-appointed Bankruptcy Trustee filed a Report of No Assets on April 6, 1999. On September 21, 1999, the plaintiff's debts were discharged and his bankruptcy proceeding was closed. None of the plaintiff's EEO complaints were listed in the schedule of his assets or the statement of his financial affairs.

The requisite list of debtor's assets includes "contingent and unliquidated claims of every nature" and "[o]ther personal

---

**2.** In addition to the specific alleged incidents in 1998, the complaint alleges that the plaintiff "still is subjected to disparate treatment because of his race."

**3.** The April 27, 1999 EEO complaints alleged the first two 1998 incidents, the May 17, 1999 EEO complaints alleged the third and fourth 1998 incidents and the February 22, 2000 EEO complaints alleged the two 1999 incidents.

property of any kind."[4] The requisite statement of financial affairs includes "all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case."[5] Four of the plaintiff's EEO complaints were pending during the plaintiff's bankruptcy proceeding but were not disclosed therein at any time.

■■■ The defendant contends that the plaintiff lacks standing to bring the instant action since all of the plaintiff's assets became the property of the bankruptcy estate upon the filing of his bankruptcy petition[6] and since the claims raised in the instant complaint constitute assets for bankruptcy purposes. Under 11 U.S.C. § 541(a)(1), "all legal or equitable interests of the debtor in property as of the commencement of the [bankruptcy] case" become the property of the bankruptcy estate. "Courts have uniformly held that the phrase 'legal or equitable interests' encompasses causes of action." *Lawrence v. Jackson Mack Sales, Inc.*, 837 F.Supp. 771, 779 (S.D.Miss.1992) (citing *e.g., Louisiana World Exposition v. Federal Ins. Co.*, 858 F.2d 233, 245 (5th Cir.1988)), *aff'd*, 42 F.3d 642 (5th Cir.1994). The plaintiff asserts that his initial contacts with an EEO counselor do not give rise to "contingent and unliquidated claims" or "suits and administrative proceedings."[7] It is undisputed that no formal EEO complaint was filed prior to the plaintiff's bankruptcy filing. However, "[c]auses of action need not be formally filed prior to the commencement of a bankruptcy case to become property of the bankruptcy estate." *Lawrence*, 837 F.Supp. at 779 (citations omitted). The court rejects the plaintiff's argument that the EEO complaints, having been dismissed,[8] cannot constitute causes of action. Otherwise, the plaintiff would have no right to bring a civil action after exhausting administrative remedies under Title VII, 42 U.S.C. § 2000e–5(f)(1).

■■■ Causes of action that accrued prior to the filing of a bankruptcy petition or prior to the debtor's discharge in bankruptcy "are property of the bankruptcy estate and may only be prosecuted by the bankruptcy trustee," the real party in interest under Rule 17(a) of the Federal Rules of Civil Procedure. *Lawrence*, 837 F.Supp. at 779–80. Under 11 U.S.C. § 554(d):

> Unless the court orders otherwise, property of the estate that is not abandoned under this section and that is not administered in the case remains property of the estate.

All of the causes of action alleged in four of the plaintiff's formal EEO complaints accrued prior to the plaintiff's bankruptcy filing and the two remaining causes of action accrued during the pendency of the plaintiff's bankruptcy action. In addition, the plaintiff's initial contacts with an EEO counselor establish the plaintiff's awareness of these cause of actions prior to or during the bankruptcy proceeding. Therefore, the court finds that the plaintiff has no standing to bring a civil action to adjudicate the 1998 and 1999 Title VII

---

4. "Schedule B–Personal Property," item 20 and item 33, respectively.

5. "Statement of Financial Affairs," item 4.

6. ("The filing of a bankruptcy petition creates a bankruptcy estate" under 11 U.S.C. § 541(a).) *Lawrence v. Jackson Mack Sales, Inc.*, 837 F.Supp. 771, 779 (S.D.Miss.1992).

7. As previously noted, the plaintiff makes this assertion without the citation of any legal authority.

8. The final agency decisions found no racial discrimination.

causes of action expressly or impliedly raised in the instant complaint. *Harris v. St. Louis University*, 114 B.R. 647, 649 (E.D.Mo.1990) ("plaintiff's [Title VII employment discrimination] cause of action could not be abandoned pursuant to 11 U.S.C. § 554(e) because the cause of action was never scheduled [and] remains the property of the estate pursuant to 11 U.S.C. § 554(d)").

For the foregoing reasons, the court finds that there is no genuine issue of material fact and that the defendant is entitled to summary judgment. This cause should be dismissed for the plaintiff's lack of standing.

An order will issue accordingly.

### ORDER

In accordance with the memorandum opinion issued this day, it is **ORDERED:**

That the defendant's motion for summary judgment is **GRANTED;** and

That this cause is **DISMISSED WITH PREJUDICE.**