In re Joseph Russel SOLT, Debtor.

**Joseph Russel Solt, Plaintiff,**

v.

**Credit Protection Ass'n, L.P., Defendant.**

**Bankruptcy No. 09–50776.
Adversary No. 09–05086.**

United States Bankruptcy Court,
W.D. Virginia,
Harrisonburg Division.

March 23, 2010.

Marshall Moore Slayton, Esq., Charlottesville, VA, for Debtor.

George I. Vogel(74), Roanoke, VA, Trustee.

### DECISION AND ORDER

ROSS W. KRUMM, Bankruptcy Judge.

At Harrisonburg in said District on this 23rd day of March, 2010:

On September 18, 2009, the Plaintiff initiated the above-captioned adversary proceeding (hereafter the "FDCPA Claim") by filing a complaint against the Defendant (hereafter the "Complaint"). Summons and Notice of Pre–Trial Conference (hereafter the "Summons") for the proceeding was issued on September 19, 2009. The Complaint alleges that the Defendant, pre-petition, violated 15 U.S.C. § 1629, the Fair Debt Collection Practices Act (hereafter the "FDCPA"). The Complaint does not allege any facts pertaining to any statutory provision of the Bankruptcy Code. A Pre–Trial Hearing was held on October 1, 2009, to consider the narrow issue of whether the Court has subject matter jurisdiction to hear the Complaint. After the hearing the Court took the matter under advisement. Having considered the Plaintiff's pleadings the Court makes the following findings of fact and conclusions of law.

### Background

The Plaintiff, a Chapter 7 debtor, filed his petition on May 20, 2009. The Complaint alleges that on or about February 18, 2009, the Plaintiff received a debt collection letter from the Defendant which contained language that informed the Plaintiff that the letter was an attempt to collect a debt. The letter, as required by the FDCPA, included a "validation notice" provision that informed the Plaintiff that if he did not respond to the letter within thirty days of receipt of the letter the debt would be presumed valid. The "validation notice" provision also informed the Plaintiff that he could challenge the validity of the debt by writing to the Defendant and requesting proof of the debt, which the Defendant, under the FDCPA, would have to produce. The Complaint averred that the Defendant, a debt collection agency, issued this letter in an attempt to collect a $30.44 unsecured debt owed by the Plaintiff to Blockbuster.[1] The Complaint con-

---

1. The Plaintiff's bankruptcy petition lists Blockbuster as an unsecured creditor holding a claim for $30.44.

tends that this collection effort violates 15 U.S.C. § 1629, the Fair Debt Collection Practices Act (hereafter the "FDCPA"). Specifically, the Complaint states that the Defendant violated § 1629g by "using false deceptive and/or misleading representations or means in connection with the debt collection by locating the validation notice in such a manner so that it ineffectively communicates and overshadows the validation language." [2]

The Plaintiff asserts that as a result of the aforementioned violation the Plaintiff has been severely agitated, traumatized, emotionally damaged and inconvenienced. As a result of these injuries, the Plaintiff requests "actual damages, statutory damages of $1,000.00, punitive damages and legal fees and expenses pursuant to 15 U.S.C. § 1629." [3]

The Plaintiff lists the FDCPA Claim as personal property on his bankruptcy Schedule B, but does not state the value of the claim. The Defendant has not filed any responsive pleading to this adversary proceeding.

## Discussion

### I. Property of the Estate

■ Before determining whether the Court has subject matter jurisdiction under 28 U.S.C. § 1334, the Court must first determine whether the FDCPA Claim is property of the estate. Upon the filing of a Chapter 7 petition 11 U.S.C. § 541(a)(1) states that property of the estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541 (West 2010). *Bluemark Inc. v. Geeks On Call Holdings, Inc.,* 2010 WL 28720, *3 (E.D.Va. Jan. 5, 2010) (citing *Anderson v. Acme Markets, Inc.,* 287 B.R. 624, 629 (E.D.Pa.2002))

holds that "[i]t is well established that the 'broad scope of § 541(a) encompasses causes of action existing at the time the bankruptcy action commences.'" In accordance with 11 U.S.C. § 521 the Plaintiff attached his bankruptcy schedules to his bankruptcy petition. The Plaintiff's bankruptcy schedules properly set forth the FDCPA Claim as personal property. Thus, the FDCPA Claim constituted proceeding property of the estate.

11 U.S.C. § 554(d) states that property of the estate that is not abandoned and not administered by trustee remains property of the estate. Review of the docket entries in this case shows that neither the Trustee nor a party in interest has filed a pleading requesting abandonment of the FDCPA Claim and no abandonment order has been entered. Also, the Trustee has not administered the FDCPA Claim. Thus, the FDCPA Claim remains property of the estate and the issue of the Plaintiff's standing to pursue liquidation of the claim must be addressed.

### II. Standing

■ A court, *sua sponte*, can raise the issue of standing at any point in a proceeding. *Bluemark,* 2010 WL 28720, at *3. *Bluemark* holds that "Pursuant to Fed. R.Civ.P. 17, an action must be prosecuted in the name of the real party in interest. If the Court finds that the plaintiff does not have standing to bring the suit because the person or entity is not a real party in interest, the court lacks subject matter jurisdiction and should dismiss the case." *Id. See Mirant Potomac River, LLC, v. U.S. Envtl. Prot. Agency,* 577 F.3d 223, 225 (4th Cir.2009).

■ 11 U.S.C. § 323(a) states that the "trustee in a case under this title is the

---

**2.** Complaint, *Solt v. Creditor Protection Association, L.P.,* No. 09–50776 (Bankr.W.D.Va. August 18, 2009.)

**3.** *Id.*

representative of the estate." 11 U.S.C. § 323(a) (West 2010). As such, *Cain v. Hyatt,* 101 B.R. 440, 442 (E.D.Pa.1989) holds that once a case trustee is appointed in the case the "[D]ebtor no longer has standing to pursue a cause of action which existed at the time the . . . petition was filed. Only the trustee, as a representative of the estate, has the authority to prosecute and/or settle such causes of action." *See In re Jaraki,* 2006 WL 2612198 (Bankr.D.S.C. Jan. 20, 2006). Since the Court has found that the FDCPA Claim is property of the estate, the Trustee is the only party with the authority to prosecute the claim. Therefore, the Plaintiff lacks standing to bring this action and there is no subject matter jurisdiction.

Accordingly, it is,

## ORDERED:

That the Plaintiff's Complaint is hereby **DISMISSED** for lack of subject matter jurisdiction.

Copies of this Order are directed to be sent to counsel for the Plaintiff, Eamon F. Redmond, Esquire; to the Defendant, Credit Protection Association, L.P., Serve CT Corporation System, 350 North St. Paul Street, Dallas, TX 75201; and to the Chapter 7 Trustee, George I. Vogel.