# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ANA GLUHIC-POPOVIC and<br>SENAD GLUHIC, | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | C.A. No. N14C-06-158 PEL |
| | ) | |
| v. | ) | |
| | ) | |
| AMERICAN MEDICAL SYSTEMS,<br>INC., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: July 16, 2019
Decided: October 1, 2019

Upon Defendant's Motion for Summary Judgment
**DENIED**


## OPINION

Robert J. Leoni, Esq. (Argued), Shelsby & Leoni, Stanton, Delaware 19804; Jeffrey Brinen, Esq. (Argued), Kutner Brinen, P.C., Denver, CO 80264; Shanin Specter, Esq., Lee B. Balefsky, Esq., Kline & Specter, P.C., Philadelphia, PA, *Attorneys for Plaintiff*

Brian M. Rostocki, Esq., Stephen J. McConnell Esq., (Argued), Justin M. Forcier, Esq., Reed Smith LLP, Wilmington, Delaware, *Attorneys for Defendants*

**JOHNSTON, J.**

## FACTUAL AND PROCEDURAL CONTEXT

In this products liability action, Plaintiff, Ms. Gluhic-Popovic, alleges

personal injury resulting from surgical implantation of a female pelvic mesh device

1

manufactured and sold by Defendant, American Medical Systems, Inc. The following facts are presumed in favor of Plaintiff for purposes of this motion.

Plaintiff filed a Chapter 13 bankruptcy petition in Colorado on October 5, 2012,[1] which was confirmed on January 17, 2013.[2] Plaintiff's pelvic mesh implantation surgery occurred on November 14, 2013. On March 5, 2014, Plaintiff underwent her first surgery for the purpose of excising the pelvic mesh. On April 30, 2014, Plaintiff modified her Chapter 13 plan.[3] Plaintiff underwent another mesh excision surgery on June 10, 2014. Plaintiff filed this pelvic mesh suit against Defendant on June 17, 2014. The bankruptcy court again modified Plaintiff's plan on May 12, 2015.[4] Plaintiff's bankruptcy petition was dismissed on July 20, 2016, and reinstated on August 30, 2016.[5] The Chapter 13 trustee issued a final report on April 7, 2018.

At no time between confirmation and issuance of the final report of her Chapter 13 bankruptcy case did Plaintiff disclose her case in this Court on her bankruptcy asset schedule. On January 22, 2019, Defendant filed this Motion for Summary Judgement seeking dismissal of Plaintiff's vaginal mesh lawsuit.

---

[1] See In Re: Ana Gluhic-Popovic and Senad Gluhic, Bankr. D. Colo., Case No. 1:12-bk-30780, D.I. 1.
[2] Id. at D.I. 41.
[3] Id. at D.I. 65.
[4] Id. at D.I. 86.
[5] Id. at D.I. 105–108.

Plaintiff reopened her bankruptcy case in March 2019.[6] In its motion for Summary Judgment, Defendant argued that Plaintiff: (1) lacks standing; and (2) is judicially estopped from bringing this cause of action. This Court heard oral argument on Defendant's motion on May 7, 2019. The Court requested supplemental briefing on the issue of Plaintiff's standing.

## STANDARD OF REVIEW

Summary judgment is granted only if the moving party establishes that there are no genuine issues of material fact in dispute and judgment may be granted as a matter of law.[7] All facts are viewed in a light most favorable to the non-moving party.[8] Summary judgment may not be granted if the record indicates that a material fact is in dispute, or if there is a need to clarify the application of law to the specific circumstances.[9] When the facts permit a reasonable person to draw only one inference, the question becomes one for decision as a matter of law.[10] If the non-moving party bears the burden of proof at trial, yet "fails to make a showing sufficient to establish the existence of an element essential to that party's case," then summary judgment may be granted against that party.[11]

---

[6] *Id.* at 123–25.
[7] Super. Ct. Civ. R. 56(c).
[8] *Burkhart v. Davies*, 602 A.2d 56, 58–59 (Del. 1991).
[9] Super. Ct. Civ. R. 56(c).
[10] *Wooten v. Kiger*, 226 A.2d 238, 239 (Del. 1967).
[11] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## ANALYSIS

### *Standing – Chapter 13 Debtor*

Whether Plaintiff has standing to bring this action depends on whether a Chapter 13 debtor in bankruptcy has standing independent of the trustee to bring claims on behalf of the estate. Defendant argues that Plaintiff lacks standing because the bankruptcy trustee has exclusive authority to pursue this cause of action on behalf of the bankrupt estate.

Plaintiff asserts that she is "bringing the case for the benefit of their bankruptcy estate." Thus, "Plaintiffs are once again debtors, and as debtors, they are now bringing the case on behalf of their estate[.]"[12] It is not disputed that Plaintiff's cause of action is property of the bankrupt estate.[13]

Under 11 U.S.C. § 323(b), the trustee is authorized to pursue the estate's causes of action.[14] Defendant argues that the trustee has *exclusive* authority to pursue the estate's claims. Defendant supports this assertion with substantial case

---

[12] Pls. Supp. Br. at 4 & 6 (Jul. 8, 2019).

[13] Because Plaintiff is pursuing the action on behalf of the estate, this Court need not, for purposes of standing, determine whether the Tenth Circuit would consider assets acquired after confirmation of a Chapter 13 bankruptcy plan property of the estate or vested in the debtor pursuant to 11 U.S.C. §§ 1327(b) & 1306(a); *see City of Chicago v. Fisher (In re Fisher)*, 203 B.R. 958, 960–62 (N.D. Ill. 1997).

[14] "The trustee in a case under this title has capacity to sue and be sued."

4

law establishing that Chapter 7 bankruptcy trustees have such exclusive authority.[15]

Plaintiff counters that, unlike Chapter 7 debtors, Chapter 13 debtors have statutorily-preserved standing under 11 U.S.C. §§ 1306(b) and 1303. Section 1306(b) provides that the debtor under Chapter 13 "shall remain in possession of all property of the estate."[16] Section 1303 also grants the debtor certain rights and powers to administer the estate in the same way as the trustee.[17] Plaintiff filed for bankruptcy in Colorado. Therefore, the Court looks to that jurisdiction's law for the most relevant authority. To clarify how these provisions operate, Plaintiff references two cases from the The United States Court of Appeals for the Tenth Circuit: *Autos, Inc. v. Gowin*,[18] and *Smith v. Rockett*.[19]

In *Autos*, a Chapter 13 debtor brought a cause of action which she failed to disclose on her bankruptcy schedules. The defendant argued that the plaintiff

---

[15] *See In re Taxotere Prods. Liab. Litig.*, 2018 WL 5016219, at *1 (E.D. La.); *see also Grillo v. J.P. Morgan Chase*, 2014 WL 2442534, at *4 (D. Colo.); *Yetter v. Wise Power Systems, Inc.*, 929 F. Supp.2d 329, 332 (D. Del. 2013); *In re Sims*, 2009 WL 4255555, at *2 (Bankr. D. Kan.); *Ardese v. DC, Inc.*, 2006 WL 3757916, at *4 (E.D. Okla.); *In re Marriage of Yates*, 148 P.3d 304, 314 (Colo. App. 2006); *Anderson v. Acme Markets, Inc.*, 287 B.R. 624, 628 (E.D. Pa. 2002).

[16] 11 U.S.C. § 1306(b) ("Except as provided in a confirmed plan or order confirming a plan, the debtor shall remain in possession of all property of the estate.").

[17] *Id.* § 1303 ("Subject to any limitations on a trustee under this chapter, the debtor shall have, exclusive of the trustee, the rights and powers of a trustee under sections 363(b), 363(d), 363(e), 363(f), and 363(l) of this title.").

[18] 244 Fed. Appx. 885 (10th Cir. 2007).

[19] 522 F.3d 1080 (10th Cir. 2008).

5

lacked standing because only the trustee was authorized to pursue causes of action on behalf of the estate.[20] The Tenth Circuit disagreed. Citing both 11 U.S.C. § 1306(b) and Bankruptcy Rule 6009, [21] the Tenth Circuit held that the *Autos* plaintiff, a Chapter 13 debtor, had standing to pursue her cause of action.[22]

In *Smith*, a Chapter 13 debtor alleged violations of both federal and state laws. The United States District Court for the Western District of Oklahoma dismissed the action for lack of standing. On appeal, the Tenth Circuit reversed the district court's dismissal. The Tenth Circuit again distinguished debtors under Chapter 7 from those under Chapter 13.[23] The Tenth Circuit noted that legislative history of bankruptcy provisions also supports the position that Chapter 13 debtors have "the power to sue and be sued."[24]

Defendant relies on *Richardson v. United Parcel Service*.[25] In *Richardson*, a Chapter 13 debtor raised employment discrimination claims.[26] The defendant

---

[20] *Autos*, 244 Fed. Appx. at 889.

[21] F.R. Bankr. P. 6009:

> Bankruptcy Rule 6009 "trustee or debtor in possession may prosecute or may enter an appearance and defend any pending action or proceeding by or against the debtor, or commence and prosecute any action or proceeding in behalf of the estate before any tribunal." *Id.*

[22] *Autos*, 244 Fed. Appx. at 889.

[23] *See Smith*, 522-F.3d 1080, 1081–82 (citing 11 U.S.C. §§ 1306(b) & 1303; F.R. Bankr. P. 6009).

[24] *Smith* citing *Olick v. Parker & Parsley Petr. Co.*, 145 F.3d 513, 516 (quoting 124 Cong. Rec. H11, 106 (statement of Rep. Edwards); 124 Cong. Rec. S17, 423 (statement of Sen. DeConcini)).

[25] 195 B.R. 737 (E.D. Mo. 1996).

[26] *Id.* at 738.

moved to dismiss for lack of standing.[27] The debtor-plaintiff in *Richardson*

conceded that he lacked standing.[28] The *Richardson* court omitted any explanation

as to how it concluded that Chapter 13 debtors lack standing. Instead, the court in

*Richardson* referenced several cases involving Chapter 7 debtors.[29] The

*Richardson* court neither addressed, nor mentioned, 11 U.S.C. §§ 1306(b) and

1303.

Defendant also cites *In re Bryer*.[30] In *Bryer*, a Chapter 13 debtor sought

recovery from her ex-husband of monies she alleged were improperly credited

against his support obligations. The court in *Bryer* entered an order requiring

joinder of the trustee without discussing standing. The *Bryer* court simply cited

*Richardson*, and again, Chapter 7 cases.

While *Richardson* and *Bryer* cite only Chapter 7 cases, *Autos* and *Smith*

specifically contemplate the impact of 11 U.S.C. §§ 1306(b) and 1303 on the

Chapter 13 debtor's standing. The weight of the United States Courts of Appeals

---

[27] *Id.*
[28] *Id.*
[29] *See, e.g., id.* at 739 (citing *Cain v. Hyatt*, 101 B.R. 440, 441 (E.D. Pa. 1989) (holding that a Chapter 7 debtor did not have standing)).
[30] 216 B.R. 755 (E.D. Pa. 1998).

authority overwhelmingly favors standing for Chapter 13 debtors.[31]  The Tenth

Circuit is no exception.

The Court finds the Tenth Circuit authority most closely on point supports

the position that Plaintiff has standing.  Sections 1306(b) and 1303 preserve the

right of the Chapter 13 debtor in bankruptcy to pursue claims, in the debtor's own

name, on behalf of the bankrupt estate.  Therefore, Plaintiff, a debtor in bankruptcy

under Chapter 13, has standing to pursue the present action.

### *Judicial Estoppel*

Defendant argues that Plaintiff is judicially estopped from bringing this

cause of action.  "Judicial estoppel bars a party from adopting inconsistent

positions in the same or related litigation."[32]  It is a discretionary remedy to

"prevent improper use of judicial machinery."[33]  While the doctrine is "probably

not reducible to any general formulation of principle,"[34] the Tenth Circuit has

identified three primary factors that inform the analysis:

---

[31] *See Wilson v. Dollar Gen. Corp.*, 717 F.3d 337, 343 (4th Cir. 2013); *Crosby v. Monroe Cty.*, 394 F.3d 1328, 1331 (11th Cir. 2004); *Cable v. Ivy Tech State College*, 200 F.3d 467, 472–74 (7th Cir. 1999); *Olick v. Parker & Parsley Petr. Co.*, 145 F.3d 513, 515–16 (2d Cir. 1998); *Mar. Elec. Co. v. United Jersey Bank*, 959 F.2d 1194, 1209 n. 2 (3d Cir. 1992).

[32] *Rascon v. U.S. West Commc'ns, Inc.*, 143 F.3d 1324, 1330 (10th Cir. 1998).

[33] *New Hampshire v. Maine*, 523 U.S. 742, 750 (2001) (internal quotation and citation omitted).

[34] *Johnson v. Lindon City Corp.*, 405 F.3d 1065, 1069 (10th Cir. 2005) (quoting *New Hampshire*, 523 U.S. at 750).

(1) The party against whom judicial estoppel is to be invoked seeks to rely on a position that is clearly inconsistent with its earlier position;

(2) The party has succeeded in persuading a court to accept its earlier position, such that judicial acceptance of an inconsistent position would create the impression that either the first or the second court was misled; and

(3) The party seeking to assert the inconsistent position would derive an unfair advantage *or* impose an unfair detriment on the opposing party if not estopped. [35]

Defendant argues that "a debtor's assertion of legal claims not disclosed in earlier bankruptcy proceedings constitutes an assumption of inconsistent positions."[36] Plaintiff contends that she had no duty to disclose this action in her previous bankruptcy proceedings. Additionally, Plaintiff argues that, even if such a duty applied, she fulfilled that duty upon reopening her bankruptcy case.

Plaintiff cites 11 U.S.C. § 1327, which states: "(b) Except as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor." Based on this provision, Plaintiff contends that confirmation of her plan *terminated* the bankrupt estate.

---

[35] *Id.*; *see also Eastman v. Union Pacific Railroad Co.*, 493 F.3d 1151, 1156–57 (10th Cir. 2007).

[36] *Autos*, 244 Fed.Appx. at 890 (citing *Eastman*, 493 F.3d at 1158–59).

9

Thus, this cause of action was not estate property because it did not exist at the time of confirmation, and Plaintiff had no duty to disclose it.

Defendant responds that Section 1327(b) does not nullify Section 1306(a), which provides that property of the estate includes: "(1) all property[…] that the debtor acquires *after the commencement of the case* but before the case is closed, dismissed, or converted[.]"[37] Defendant contends that Plaintiff was required and failed to disclose this action to the bankruptcy court between confirmation and closing. Defendant argues that Plaintiff's alleged failure would render this suit an inconsistent representation, before a different court.

It is not disputed that Plaintiff "acquired" this cause of action after confirmation of her plan, as mentioned in Section 1327, but before its closing or dismissal, pursuant to Section 1306. The question raised is whether, pursuant to Sections 1327 and 1306, Plaintiff's suit is an asset of the bankrupt estate, which required disclosure, or belongs to Plaintiff, "free and clear of any claim or interest provided for by the plan[.]"[38]

Various courts have addressed this issue, and reached different results regarding the apparent conflict between these Chapter 13 provisions.[39] The Tenth

---

[37] (emphasis added).

[38] 11 U.S.C. § 1327(c).

[39] *See City of Chicago v. Fisher (In re Fisher)*, 203 B.R. 958, 960–62 (N.D. Ill. 1997) (setting out competing views of the effect of Section 1327(b)'s vesting provision).

10

Circuit has not resolved this issue.[40] This Court need not speculate as to what approach the Tenth Circuit might embrace. The Court finds that the uncertainty in statutory interpretation prevents Defendant from establishing that Plaintiff represented "clearly inconsistent" positions before different courts. The Court concludes that it is unclear whether Plaintiff was required to disclose this action following confirmation, but prior to closing.[41]

Defendant contends that, based on the *Autos* decision, Plaintiff is nevertheless judicially estopped. The Court finds *Autos* distinguishable.[42] In *Autos,* the Tenth Circuit stated: "[Plaintiff]'s nondisclosure might have been mitigated by evidence that she discovered her claims against [defendant] *after plan*

---

[40] Plaintiff asserts that the Tenth Circuit adopted the "estate termination" approach, which would eliminate any duty to disclose her cause of action. Plaintiff is incorrect. Plaintiff cites *In re Froehlich*, 2018 WL 4693928, at *2 (Bankr. D. Colo.). The *Froehlich* court appears to have incorrectly relied upon a Tenth Circuit decision, stating that "[t]he Tenth Circuit adopted the estate termination approach in the case of *In re Talbot*, 124 F.3d 1201, 1208 (10th Cir. 1997)." The *Talbot* Court never considered post-confirmation asset ownership, because the Trustee in that case "[did] not contest the premise that §1327(b)'s vesting provision operates to grant ownership rights[.]" (*see Talbot*, 124 F.3d at 1209 n. 7). The Tenth Circuit continued that "it is not without question that the vesting provisions of § 1327(b) operate to grant ownership of estate property to the debtor upon confirmation of a Chapter 13 plan." (*Id.*; *see also Rael v. Wells Fargo Bank, N.A. (In re Rael)*, 527 B.R. 799, *8 n. 17 (B.A.P. 10th Cir. 2015) ("The Tenth Circuit has recognized the split in the Chapter 13 case law concerning the Chapter 13 vesting provisions and property of the estate, but has not indicated which approach it will follow.")).
[41] *See Choice Genetics USA, LLC v. Peetz Coop. Co.*, 2017 WL 3086608, at *8–9 (D. Colo.) (reasoning that Defendant's failure to establish disclosure requirements for plaintiff's post-confirmation claims prevents the court from finding plaintiff's subsequent suit "clearly inconsistent"); *see also New Hampshire*, 523 U.S. at 751.
[42] *Autos*, 244 Fed.Appx. at 890–91 (finding a debtor judicially estopped due to "repeated" and "deliberate nondisclosure" of a cause of action that arose prior to the debtor's bankruptcy petition).

11

*confirmation....*"[43]  The fact that the plaintiff in *Autos* knew her cause of action

had accrued "well before her plan was confirmed"[44] was a heavily weighted factor.

The *Autos* Court emphasized that the "integrity of the bankruptcy proceedings is

compromised[...] if substantial known assets come to light *after the court has*

*confirmed a plan* of distribution."[45]  Here, no such "substantial known asset"

existed, until *after* Plaintiff's plan confirmation.

Plaintiff also suggests that, even if she had a duty to disclose this action, she

has since fulfilled it.  Plaintiff reopened her bankruptcy case on March 11, 2019.

Defendant points out that Plaintiff only reopened her bankruptcy case following

Defendant's Motion for Summary Judgment.

Defendant further argues that Plaintiff "would derive an unfair advantage *or*

impose an unfair detriment on the opposing party if not estopped."[46]  The Court

must consider how the alleged inconsistency caused a detriment to defendant,

creditors, and/or the judicial system.[47]  Without a clear inconsistency, the element

of unfairness is diminished, if not entirely eliminated.

---

[43] *Id.* (emphasis added).
[44] *Id.*
[45] *Id.* at 891
[46] *Id.* at 1069; *see also Eastman*, 493 F.3d at 1156–57.
[47] *Autos*, 244 Fed.Appx. at 891 (citing *USinterworking, Inc. v. Gen. Growth Mgmt. (In re USinternetworking, Inc.)*, 310 B.R. 274, 284 (Bankr. D. Md. 2004)).

12

Plaintiff has arranged with the bankruptcy trustee for the damages to be distributed to the estate in the event of recovery.[48] Thus, the detriment, if any, to the creditors of the bankrupt estate would be mitigated. The exact harm suffered by Defendant is unclear, as "Defendant might have faced exactly the same claims and potential judgment in a suit brought on behalf of the estate."[49]

The Court finds no unfair detriment to the creditors or the Defendant, or unfair advantage to the Plaintiff.

Considering the Tenth Circuit's silence on a fundamental issue of law,[50] and viewing the facts in the light most favorable to Plaintiff,[51] the Court finds that judicial estoppel is not appropriate. Plaintiff's nondisclosure was not "clearly inconsistent" such that she created the "impression that either the first or the second court was misled."[52] Defendant did not establish any unfair detriment to the Defendant or Plaintiff's creditors, or unfair advantage to Plaintiff.

---

[48] *See* Pls. Br. at 6 (Jul. 8, 2019).
[49] *See Choice Genetics*, 2017 WL 3086608 at *9 (finding that the defendant had not demonstrated that present litigation was unfair because Plaintiff could have pursued the cause of action as a Chapter 13 debtor).
[50] *See* Super. Ct. Civ. R. 56(c).
[51] *See Burkhart*, at 58–59 (Del. 1991) (requiring the court to view the facts in the light most favorable to the non-moving party).
[52] *Johnson*, 405 F.3d at 1069; (quoting *New Hampshire*, 523 U.S. at 750).

13

## CONCLUSION

The weight of authority supports Plaintiff's standing. Sections 1306(b) and 1303 of Title 11 of the United States Code preserve the right of the Chapter 13 debtor in bankruptcy to pursue claims, in the debtor's own name, on behalf of the bankrupt estate. Plaintiff, a debtor in bankruptcy under Chapter 13, has standing to pursue the present action.

The Court finds that the law is unclear whether Plaintiff was required to disclose this action following confirmation, but prior to closing of her bankruptcy case. Viewing the facts in the light most favorable to Plaintiff, the Court finds that judicial estoppel is not appropriate. Plaintiff's nondisclosure was not "clearly inconsistent" such that she created the "impression that either the first or the second court was misled."[53] Defendant did not establish any unfair detriment to the Defendant or Plaintiff's creditors, or unfair advantage to Plaintiff. Thus, Defendant has not demonstrated that Plaintiff should be judicially estopped, such that Defendant is entitled to judgment as a matter of law. **THEREFORE,** Defendant's Motion for Summary Judgment is hereby **DENIED.**

**IT IS SO ORDERED.**

The Honorable Mary M. Johnston

---

[53] *Johnson*, 405 F.3d at 1069; (quoting *New Hampshire*, 523 U.S. at 750).

14